11469, 11470.   CAMBRIDGE *v.* BACHE; and *vice versa.*

Where in the body or on the face of an instrument agency is distinctly
specified and the principal indicated, and the contract is substantially
in the name of the principal, the latter and not the agent is to be
taken as bound.   Under such a contract the question which would
govern the actual liability of the principal is whether the agent had
authority to bind his principal as assumed by the terms of the instru-
ment.   *Tiller* v. *Spradley*, 39 *Ga.* 35; *Bank of the University* v. *Ham-
ilton*, 78 *Ga.* 312.   A suit on such a contract, brought against the
agent, cannot be maintained in the absence of allegations to the effect
that the authority thus assumed was unauthorized.   The trial judge
did not err in dismissing the suit on general demurrer.

DECIDED NOVEMBER 11, 1920.

Complaint; from city court of Savannah—Judge Freeman.
March 30, 1920.

Cambridge sued Bache for an alleged breach of the following
contract: " Order for Oldsmobile.   The undersigned, C. C.
Cambridge, hereby authorizes G. Bingham Bache to have shipped
for him by the Olds Motor Works, Lansing, Michigan, the fol-
lowing, to-wit:   One Oldsmobile Model 37 Style Sedan Color
Standard, for which I am to pay $2,025.00 as follows: $———
cash with order, receipt of which is herein acknowledged, $825.00
cash upon the delivery of car, and one Model 37 Oldsmobile
Touring Car 156457, same to be in good mechanical condition,
at $1,200.00.   I have read and accepted general warranty of the
Olds Motor Works, printed on the back hereof, and understand
that no promise, expressed or implied, other than said warranty,
or embodied in this order, is binding on the Olds Motor Works,
or on G. Bingham Bache, distributor.   I further authorize
G. Bingham Bache to furnish the following extra equipment
with the car, same to be paid at the prices named and in cash
upon delivery, to-wit:   .   .   .   This order is in effect when
accepted by G. Bingham Bache, and thereafter is not subject to
countermand or condition except by forfeiture of cash deposit as
above.

"——————— Salesman.        " C. C. Cambridge, Purchaser.
" Accepted this 3rd day of Oct., 1918.   G. Bingham Bache,
                                          " Distributor."

On the back of this contract or order appears a guaranty
signed by the Olds Motor Works.

The defendant demurred to the petition, on the ground,

among others, that "it is shown by said petition and the exhibit attached thereto that said defendant was merely a distributor or agent for ordering and delivering said automobile, and was not selling the same himself to said plaintiff." The court sustained the demurrer and dismissed the petition.

*O'Byrne, Hartridge & Wright,* for plaintiff.

*Hewlett & Dennis,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) Were it permissible for us to speculate on general principles as to whether in our opinion a purchaser would more likely buy a car from the manufacturer or from a local or State dealer, we might perhaps very reasonably incline to the latter proposition as being possibly the more usual and customary practice. Such speculation, however, lies beyond our sphere. This is a suit on a contract, and contracts must be taken according to the language actually used, and, where unambiguous, it is the duty of courts to thus construe them. All acts of corporations are performed through agents and servants; their contracts are necessarily thus executed. The contract in this case was signed, not by Bache, or by Bache as dealer, but by Bache as "distributor," which term would of itself denote agency. And while this of itself would amount to nothing more than descriptio personæ, it is different where the terms of the contract clearly show for whom he was thus acting. In this case the writing would clearly seem to mean that Bache holds himself out as the distributing agent of a named manufacturer with authority to accept orders for it, and that he in such capacity is recognized by the manufacturer, but with definite limitations upon his authority to bind it by warranty. The contract shows on its face that the purchaser simply gave to the distributor of a named manufacturer an order for a car, which by the express terms of the agreement was not to be filled by the named distributor, but was to be transmitted to the manufacturer, to be executed by it.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. Smith, J., concurs.*

STEPHENS, J., dissenting. This is a suit against G. Bingham Bache, the petition alleging that he executed the contract sued upon. If the contract is his, either as a matter of law or upon its proof as a fact, then the petition alleges a cause of action

against him as the defendant, and was improperly dismissed on demurrer. To sustain the view of the majority of the court holding that no cause of action is set out on the contract against the defendant, it must be held as a matter of law that the contract is the contract of the Olds Motor Works, executed through the defendant as its agent. I do not think the contract demands this construction.

If tested by the signature alone, it clearly is his individual act, since the word "distributor," added after his signature, is merely descriptio personæ. He does not, in signing, purport to execute the contract even as an agent. Nowhere in the instrument is the Olds Motor Works obligated to perform anything under the contract. The contract can not, therefore, demand the construction that it is the contract of the Olds Motor Works through the defendant as its agent, but, on the other hand, would seem to demand the construction that it is the individual contract of the defendant. If, however, it does not demand this latter construction, but even reasonably authorizes it, it is then a question of fact to be supported by extrinsic evidence as to whose obligation it is. *Merchants Bank of Macon* v. *Central Bank of Georgia,* 1 *Ga.* 418 (44 Am. Dec. 665); 1 Mechem on Agency (2d ed.), § 1150; 1 Am. & Eng. Ency. of Law (2d ed.), 1054.