23341. WHITFIELD v. BOYKIN.

DECIDED DECEMBER 20, 1933.

*George G. Finch, F. L. Breen,* for plaintiff.
*Branch & Howard, J. W. LeCraw,* for defendant.

SUTTON, J. 1. While an agent has a right of action in his own name on a contract made with him in his individual name, though his agency be known, and, in cases of agency coupled with an interest in the agent, known to the party contracting with him, the agent may, in his own name maintain an action on the contract (Civil Code (1910), § 3609 (3, 5)), as a general rule an action on a contract must be brought in the name of the party in whom the legal interest in the contract is vested. Civil Code (1910), § 5516.

2. Plaintiff was a private detective, and represented, among others, the Wm. J. Burns International Detective Agency Inc., in Atlanta. Plaintiff and an assistant had been working on some forgery cases for the Burns agency, in behalf of the American Bankers Association, a client of the Burns agency, and went before the grand jury to have the forgers indicted. The defendant, who is the solicitor-general of the Atlanta circuit, sent word for the plaintiff to come to his office. Plaintiff did so and the defendant told him that these forgers were one of the worst gangs of forgers that ever operated in this section, and that he wanted to run them down, and wanted to know if the American Bankers Association would investigate the matter. Plaintiff told him that they would not do so and would not pay "us" for the investigation of losses by any concerns that were not among its members. Plaintiff told the defendant that it would cost him $10 a day and expenses to have the work done, and the defendant replied, "Well, put a man on it, we have got to get them." The plaintiff told the defendant that he would, and he immediately put on the job the assistant who had been working on the cases for the agency in behalf of the bankers association. The reports of this assistant were sent to the New York office of the Burns agency by the plaintiff. After the completion of the case the agency at New York rendered statements to the defendant for the amount claimed. On these statements was this notation: "Address all remittances direct to agency." The defendant did not pay the claim, and the plaintiff called on him, and the defendant stated that the work was not worth over $150 and that he would not pay any more. Plaintiff received a salary from the agency and it does not appear that he had any interest in the work being done by the assistant, other than as agent of the Burns agency in Atlanta. Plaintiff paid the expenses of the operatives of the Burns Agency working through the Atlanta branch, and the agency reimbursed

him, upon verification of the reports. Plaintiff brought suit in his own name against the defendant, alleging that the contract was made with him, and that the defendant owed him the agreed price and the expenses of the work. The defendant denied making any contract with the plaintiff and denied that he owed him anything. On the trial the foregoing facts appeared, undisputed, and the trial judge granted a nonsuit. To this judgment the plaintiff excepted. *Held:*

The evidence did not authorize a recovery in favor of the plaintiff, under the alleged contract, and the court did not err in granting a nonsuit.

The admission of the testimony for the plaintiff which was ruled out by the court would not have made out a case entitling the plaintiff to recover, and the court did not err in excluding the same.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*