30524. EDWARDS *v.* GULF OIL CORPORATION *et al.*

DECIDED SEPTEMBER 20, 1944.   REHEARING DENIED OCTOBER 27, 1944.

*G. Seals Aiken, Mrs. Evelyn Greer Sisk,* for plaintiff.

*MacDougald, Troutman & Arkwright, Dudley Cook,* for defendants.

FELTON, J. This is the second appearance of this case here. In *Edwards* v. *Gulf Oil Corporation,* 69 *Ga. App.* 140 (24 S. E. 2d, 843), this court held that the evidence made a prima facie case entitling the plaintiff to recover against Gulf Oil Corporation. On the last trial the evidence for the plaintiff was substantially the same as on the former trial. On the last trial the defendant Gulf Oil Corporation introduced its evidence. This evidence included, among other things, a lease contract between Gulf Oil Corporation and George A. DeLay, the other defendant, who operated the filling station. This contract on its face showed that DeLay, during the time the contract was in force and while the parties were operating under it, was an independent contractor in the operation of the station and not an agent or employee of Gulf Oil Corporation. The lease provided that it should run for one year and then from month to month with the right to either party to terminate on 10 days prior written notice. The evidence showed that the one-year term of the lease had expired at the time of the alleged tortious death of the plaintiff's son, and DeLay testified that he was operating under the lease at the time of the boy's death, and that he had no other agreement with Gulf Oil Corporation involving the operation of the station. The trial judge directed a verdict in favor of Gulf Oil Corporation, evidently on the theory that the evidence for the oil company showed as a matter of law that DeLay was an independent contractor.

■ We think the court erred in directing the verdict. The petition alleged and witnesses for the plaintiff testified that there was a sign over the station reading "Gulf Oil Corporation." DeLay denied this in his testimony. Hence a question of fact for the determination of the jury was raised. There was no other uncontradicted and unimpeached testimony or evidence to the effect that the parties were operating under the lease at the time of the injury. If the jury decided that DeLay was successfully impeached by the disproving of his testimony concerning the Gulf Oil Corporation sign the jury had the right to disregard his testimony entirely unless it was corroborated by other competent and credible testimony which it believed, or by the circumstances of the case.

*Haynes* v. *Phillips,* 69 *Ga. App.* 524 (26 S. E. 2d, 186). The Code, § 61-101, provides: "When the owner of real estate grants to another simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists between them." It will be seen that before the relation of landlord and tenant exists the tenant must accept the grant, or, to put it differently, enter the premises under the terms of the contract, and not in some other relationship or capacity. In this case there is no direct evidence that the alleged tenant accepted the grant except the testimony of the alleged tenant himself. If he was successfully impeached, and the jury did not think that his testimony on the subject was corroborated by other competent and credible testimony, or by the circumstances of the case, there was no evidence at all that DeLay entered the premises under the terms of the lease. No other witness so testified and the circumstantial evidence on the question was conflicting. It is true that if it had been proved by uncontradicted and unimpeached evidence that DeLay entered the premises originally under the lease, in the absence of any other evidence to the contrary, there would be a presumption that his continued possession was under the lease, since such possession was consistent with the terms of the lease, but such is not the case here. Under the record, and under the former ruling in this case by this court, it was error for the court to direct a verdict for Gulf Oil Corporation, and to overrule the plaintiff's motion for a new trial.

■ None of the other special grounds of the motion show reversible error.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*