### 34029. Ross *v.* Grinalds *et al.*

Worrill, J. "Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract." Code, § 4-406. Agency is disclosed by the following

statements in the written order placed by the defendants, A. S. Grinalds, R. T. Grinalds, and A. S. Grinalds Jr., doing business as A. S. Grinalds & Sons: "For Norman Lumber Company . . Please draw draft on Norman Lumber Company. . . Ship From: Norman Lumber Company; To: Norman Lumber Company. . . Carbon Copy of invoice to A. S. Grinalds & Sons, Macon, Ga. Put our number and customer's number on invoices." Thus, agency being shown, there was no issue which required submission to the jury in the absence of allegations that credit was expressly extended to the agent (*Bank of the University* v. *Hamilton,* 78 *Ga.* 312 (a) ), or that the authority assumed by the defendants was unauthorized. *Cambridge* v. *Bache,* 25 *Ga. App.* 815 (104 S. E. 914). The court did not err in sustaining the demurrer to the petition as amended, which sought to recover from the defendants damages for an alleged breach of a contract.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED MAY 9, 1952—REHEARING DENIED MAY 22, 1952.

*Denmark Groover, Hall & Bloch,* for plaintiff in error.
*Martin, Snow & Grant,* contra.