## 34529. CURRY *v.* ROBERSON.

DECIDED MARCH 14, 1953.

786

*John H. Land*, for plaintiff in error.

*J. Alvan Davis, W. L. Slaughter*, contra.

TOWNSEND, J. "In order for the directing of a verdict to be error, it must appear that there was some evidence, together with all reasonable deductions and inferences from it, to support a verdict for the party against whom it was directed, and in determining this question the evidence must be construed in its light most favorable to the party against whom it was directed." *Whitaker* v. *Paden*, 78 *Ga. App.* 145 (1) (50 S. E. 2d, 774); *Edwards* v. *Gulf Oil Corp.*, 71 *Ga. App.* 649 (31 S. E. 2d, 677); *Everett* v. *Miller*, 183 *Ga.* 343 (188 S. E. 342); Code, § 110-104.

As a general rule, the action on a contract shall be brought in the name of the party in whom the legal interest in such contract is vested. Code, § 3-108. Where the plaintiff is the agent of a known principal, and his agency is not coupled with an interest known to the opposite party in such manner as to form an exception to the general rule, the agent may not, in his own name, bring an action for the recovery of his principal's money. *Whitfield* v. *Boykin*, 48 *Ga. App.* 141 (172 S. E. 82). See also *Cambridge* v. *Bache*, 25 *Ga. App.* 815 (104 S. E. 914). The alleged principal here, Jones, was not a party to this action, and would not be bound by any judgment in favor of the plaintiff, but any right of action he might have against the defendant would continue to exist if the sum in question was erroneously

paid over by the defendant to the plaintiff as agent. Accordingly, there was a question for jury determination as to whether or not the plaintiff was proceeding in his own right, as he contends, or as agent of another, as contended by the defendant; and, if the latter, he has no right to maintain this action.

Further, whether or not the defendant should be compelled to refund the earnest money is dependent upon whether or not he breached the contract of purchase. The plaintiff testified that he refused to purchase the property because the lease offered to him differed in a material particular from the previous lease, contrary to the agreement of the parties. This was controverted by evidence for the defendant and was, accordingly, another issue of fact which only the jury could determine. Accordingly, the trial court erred in directing a verdict in favor of the plaintiff, as such verdict was not demanded by the evidence.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*