37988, 37998.   BRANTLEY *v.* HELLER *et al.;* and *vice versa.*

DECIDED JANUARY 14, 1960.

*Casey Thigpen*, for plaintiff in error.

*Robert Ely, III, Bloch, Hall, Groover & Hawkins*, contra.

NICHOLS, Judge. 1. The plaintiff's motion to dismiss the defendants' motion for summary judgment was as follows: "Comes now plaintiff and moves the court to strike motion of defendant for summary judgment and affidavit of Ben T. Huiet, and for grounds thereof saith: 1. Alleged facts stated therein are not made on personal knowledge of Ben T. Huiet, the affiant. 2. Alleged facts set forth would not be admissible in evidence. 3. Said affiant Huiet is not competent to testify to matters stated therein, and same have no probative value. 4. Alleged facts in said affidavit contain merely conclusions of law and fact, of the affiant Huiet. 5. Said Form 401, separation notice, mentioned in said affidavit, attempts to prescribe and promulgate certain laws, rules, and regulations of Department of Labor, as provided by the Employment Security Laws of Georgia, of 1937, and seeks to permit Department of Labor to legislate, and said Acts are unconstitutional, as General Assembly of

Georgia cannot delegate the power to legislate to any person. 6. Said Form 401, separation notice, mentioned in said affidavit, attempts to prescribe certain grounds upon which an employee can be discharged, but none of those grounds are set forth in the Form 401, discharging plaintiff, (exhibit 'A', to plaintiff's petition). Wherefore, plaintiff moves the court to dismiss said motion and affidavit thereto attached."

Grounds 1 through 4 of the plaintiff's motion to dismiss the motion for summary judgment attack the whole affidavit attached to the motion for summary judgment. While *some* parts of the affidavit may be subject to the attacks made, *all* of the affidavit is not so subject. "It is not error to admit evidence which is objected to as a whole when any part of that objected to is admissible. A party objecting to evidence must specify the portion which is objectionable, and if he fails to point out exactly that portion which is objectionable and move its exclusion he cannot complain that the whole of the evidence objected to, a part of which was admissible, was admitted over his objection. This ground of the motion shows no error. *Gully* v. *State,* 116 *Ga.* 527 (2) (42 S. E. 790)." *Turner* v. *McKee,* 97 *Ga. App.* 531, 536 (103 S. E. 2d 658). Accordingly, the trial court did not err in overruling grounds 1 through 4 of the motion to dismiss the motion for summary judgment.

(a) In the case of *Richmond Concrete Products Co.* v. *Ward,* 212 *Ga.* 773, 774 (95 S. E. 2d 677), the Supreme Court held: "In order to raise a question as to the constitutionality of a 'law', at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision. *Stegall* v. *Southwest Georgia Regional Authority,* 197 *Ga.* 571, 582 (30 S. E. 2d 196), and cases there cited." The Supreme Court then held, that although the trial court had declared the statute unconstitutional, that no constitutional question was raised and that the Court of Appeals had jurisdiction of the writ of error. The attack on the statute con-

tained in paragraph 5 of the plaintiff's motion to dismiss the motion for summary judgment was insufficient to raise a constitutional question and was, under the holding of the Supreme Court in the *Ward* case supra, properly overruled by the trial court.

(*b*) The sole remaining question for decision by this court, as to the motion to dismiss the motion for summary judgment (ground 6 thereof), is without merit, for the separation notice required the employer to "state reason for [employees'] quitting," and the statement alleged to be libelous stated why the plaintiff had "quit" or "resigned" his job.

2. The sole remaining question for decision by this court on the main bill of exceptions is whether the trial court erred in granting the defendants' motion for summary judgment.

The petition alleged that the publication consisted of publishing the completed form to the Employment Security Agency of the Georgia Department of Labor. The affidavit of Ben T. Huiet, Commissioner of Department of Labor of Georgia, accompanying the motion for summary judgment had included therein the following: "3. Pursuant to and in accord with the terms of said 'Employment Security Law,' I have prescribed and promulgated rules and regulations for the proper operation and administration of said act which include the following rules and regulations, which rules were in force and being enforced on and before January 1, 1959, and continuously since that date: 'B-11. Notices of acts which might result in postponement and cancellation of job insurance required from employer—a. Form 401. Pursuant to the provisions of Section 5 (a), (b), and (c) of the Law, the Commissioner prescribes that: Each employer shall complete and submit within four (4) calendar days from the last day of work or before claim is filed, Form 401, in duplicate, wherever a worker leaves work voluntarily without good cause connected with said work, or is discharged from work for failure to obey orders, rules or instructions, or for failure to discharge the duties for which he was employed. The notice shall be signed by the individual having primary knowledge of the facts and must set forth: 1. The worker's full name; 2. Social Security Account Number; 3. The last day on which worked and the date he

was separated; 4. A statement giving full facts and reasons for separation; and 5. Such other information as is required by such form. The employer shall mail original of such notice to the Employment Security Agency, Georgia Department of Labor, 254 Washington Street, S.W., Atlanta 3, Georgia. He will deliver a copy of such notice to the separated employee or, if delivery is impossible or impracticable, will mail it to his last known address, showing address and date mailed on original. In cases of alleged criminal acts by employee, duplicate to individual may be omitted if so shown on original." The quoted rule was authorized by the act of 1937 (Ga. L. 1937, pp. 806, 826), as amended by the act of 1950 (Ga. L. 1950, pp. 37, 47; Code, Ann., § 54-632). The exhibit attached to the plaintiff's petition, which contains the alleged libelous statement shows on its face that the same is a Form 401, referred to in the quoted rule and that the statement complained of was in compliance with a requirement on the face of such form that the employer "Explain below why the employee quit or was discharged." Code, Ann., § 54-642.1, compiled from the acts of 1941 and 1945 (Ga. L. 1941, p. 548; Ga. L. 1945, pp. 331, 332), provides: "All letters, reports, communications or any other matters, either oral or written, from the employer or employee to each other or to the Employment Security Agency or any of its agents, representatives or employees which shall have been written, sent, delivered, or made in connection with the requirements of the administration of this Chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any suit or slander or libel in any court of the State of Georgia." Accordingly, the alleged publication was absolutely privileged and by the express terms of the above acts, such publication could not be made the basis of a libel action in any court of the State of Georgia. Therefore, the trial court properly granted the defendants' motion for a summary judgment. The case of *Fedderwitz* v. *Lamb*, 195 *Ga.* 691 (25 S. E. 2d 414), involved a report which was only conditionally, and not absolutely, privileged and it was held that the petition was not subject to general demurrer where the alleged libelous statement was fraudulent, untrue and

maliciously made. Such case is therefore distinguishable from the case sub judice as is the case of *Colonial Stores* v. *Barrett*, 73 *Ga. App.* 839 (38 S. E. 2d 306), which involved an alleged false statement made, not in compliance with a valid public regulation, but, in contravention of a valid public regulation of the War Manpower Commission which statement was published on a form which the discharged employee was required by regulations of the War Manpower Commission to exhibit to prospective employers. Such was not the case here, for while the plaintiff alleged that in order to obtain employment he was forced to exhibit the separation, he was not required to do so as was the plaintiff in the *Colonial Stores* case, supra.

The trial court did not err in granting the defendants' motion for summary judgment and the questions presented by the crossbill of exceptions become moot.

*Judgments affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. Felton, C. J., and Quillian, J., concur.*