39262.  CORNELL v. COASTAL BROADCASTING, INC., *et al.*

DECIDED FEBRUARY 19, 1962.

412

*Aaron Kravitch,* for plaintiff in error.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr.,* contra.

FELTON, Chief Judge. The act of 1941 (Ga. L. 1941, p. 548), and the act of 1945 (Ga. L. 1945, pp. 331, 332), (*Code Ann.* § 54-642.1) provide: "All letters, reports, communications or any other matters, either oral or written, from the employer or employee to each other or to the Employment Security Agency or any of its agents, representatives or employees which shall have been written, sent, delivered, or made in connection with the requirements of the administration of this Chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any suit or slander or libel in any court of the State of Georgia." This law gives absolute privilege to employer and employee for communications made "in connection with the requirements of the administration" of the pertinent provisions of law. There are no express allegations in the petition that the communication alleged to be libelous was not made in connection with the administration of the law and the allegations in paragraph 10 of the petition that the communication was made "without cause, solicitation or inquiry" do not necessarily mean that the communication was not made in connection with the administration of the law, especially in view of the allegation in paragraph 11 that the communication by Donald K. Jones to the Georgia Department of Labor did result in delay of payments to petitioner of unemployment security funds due him during his unemployment. In cases of absolute privilege malice and bad faith are immaterial. *Atlanta News Publishing Co. v. Medlock,* 123 Ga. 714 (51 SE 756, 3 LRA (NS) 1139). See also *Brantley v. Heller,* 101 Ga. App. 16 (112 SE2d 685).

The court did not err in sustaining the defendants' general demurrers to the petition.

*Judgment affirmed. Bell and Hall, JJ., concur.*