## 53532. DILLIPLANE v. HENDERSON.

DEEN, Presiding Judge.

1. Plaintiff appellee, a school bus driver, sustained injuries when her bus collided .with a car driven by

Dilliplane. The defendant admitted liability, and the case went to trial on the question of damages. Plaintiff offered as a witness her employer, the Lowndes County school superintendent, who testified to her wages. On cross examination the defendant's counsel sought to show that after the 1974 collision the plaintiff was not hired for the 1975-1976 school year, due not to her injuries as the plaintiff contended, but to the fact that there had been personality difficulties and, had she been hired for another school year, she would have gone from a probationary to a tenure status. Objections to this testimony were sustained, and the court also disallowed cross examination of the plaintiff as to her knowledge of the employer's reasons for not rehiring. These rulings were error. The sole issue in the case was the amount of damages, and the jury was entitled to facts from which they could determine whether the failure to rehire was due to the plaintiff's impaired physical condition or some other cause. Evidence as to what that cause was contended to be was relevant and material. One is "entitled to cross examine a witness offered by the opposite party on any relevant or material matter, notwithstanding such cross examination may prove to be prejudicial to the party offering the witness." *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (1 a) (52 SE2d 485), and see *State Housecraft, Inc. v. Jones,* 96 Ga. App. 182 (2) (99 SE2d 701). The first and third enumerations of error are meritorious.

2. The plaintiff testified without objection that the defendant's insurance company had made her certain payments; she was then asked why the payments ceased and replied because they wanted to make a settlement. The objection to the latter question was erroneously overruled as hearsay, a conclusion and (if the answer be considered) an attempt to force a compromise settlement. Since the amount of prior payments is not in controversy, it would appear the better procedure to have it established at a pre-trial hearing.

3. A chiropractor is not a licensed practicing physician, and his bills are not admissible under Code § 38-706.1. *Glover v. Southern Bell Tel. & Tel. Co.,* 132 Ga. App. 74 (1) (207 SE2d 584). This is especially true where,

as here, the chiropractor testified as to the nature and extent of his treatments, and the amount of medical bills was not in issue since these were chargeable to the plaintiff's husband and not to the plaintiff. Certain bills were admitted under authority of *Melaver v. Garis,* 110 Ga. App. 267 (138 SE2d 435), as having probative value on the issue of the duration of the plaintiff's pain and suffering. Since they were objected to en masse, and some at least were admissible there was no error in allowing them in evidence.

4. Exhibit 12, a form bearing the logo of Barnes Drug Store, was a narrative statement that the plaintiff had purchased $15.67 worth of drugs prescribed by plaintiff's physician. The plaintiff testified only that all bills were for treatment of her injuries in the 1974 collision. Neither the drug purchase nor the vendor was specifically identified by any testimony. The objection to its admission as a hearsay statement should have been sustained. Code § 38-706.1; *Parham v. Roach,* 131 Ga. App. 728 (1) (206 SE2d 686).

5. There remains an objection to a charge on loss of future earnings if the jury should find the injury to be permanent, on the ground that there is no evidence in support thereof. Since the case will be tried again we will not attempt to comb the transcript to ascertain the quantum of evidence relating to permanency of disability.

*Judgment reversed and remanded for new trial. Webb and Marshall, JJ., concur.*

ARGUED MARCH 2, 1977 — DECIDED MARCH 11, 1977 — REHEARING DENIED MARCH 28, 1977.

*Blackburn & Bright, J. Converse Bright,* for appellant.

*Bennett & Wisenbaker, Jim T. Bennett, Jr., Donald T. Robinson, Jack J. Helms,* for appellee.