54764, 54791. GEORGIA POWER COMPANY et al. v. BUSBIN; and vice versa.

McMURRAY, Judge.

In 1962 A. D. Busbin was employed by Georgia Power Company. He thereafter received several promotions and became a local manager in Pearson, Georgia. In 1970 he moved to Homerville, Georgia, as the local manager. He had no written employment agreement when he began his employment, but he became entitled to certain retirement benefits upon reaching age 65, as long as his work was satisfactory, and his retirement date was

set as June 1, 2008. As a local office manager he worked under the supervision of Rodney Moore, the district manager, and J. J. Cordova, the division manager of Georgia Power Company.

A regular audit of the Homerville office was conducted in October of 1974, and same was shown to be an average audit with no discrepancies. Approximately six months later a special audit was conducted at the Homerville office which showed three discrepancies from March 6, 1975, to April 23, 1975. These claimed discrepancies were listed in the audit under *"Appliance Service Operation"* as: (1) In warranty service "for the purpose of securing parts for personal use, to cover shortages in local stock, and to repair customer's appliances in some instances which were out of warranty"; (2) the release dates shown on the log book were "Falsified," that is, "the release date . . . differed on eleven . . . dates [ranging] . . . from 12-18-74 to 4-18-75"; and (3) there had been 31 parts sales in which "no labor was charged," and "[n]o labor was charged on several employees, neighbors, and friends appliances." Under *Merchandise Sales* a down payment "of $1.70 was delayed in being reported by 1 month," the customer contending this was paid at delivery, and the local manager immediately collected same supposedly from the customer. Under *"Reconnection Fees,"* a shortage of $5.03 was shown by two failures to report "a $5.00 reconnection" and a $17 payment on a customer's service account which was "credited for $16.97." The audit accused the local manager of "poor judgment" but did not list any other "facts that were considered." It also states that management considered it necessary "to have someone from the Security Department interview the local manager and serviceman, to assure that no other activities were being performed by the local manager or serviceman to defraud the company," and "[t]hese interviews revealed nothing more than what had previously been determined." The audit then summarized in general terms the above deficiencies and steps that should be taken to prevent the recurrence of same. It concluded with the statement, "the local manager was given the choice of resigning or being discharged" and the

serviceman was "suspended for two weeks." Busbin was then fired when he refused to resign, although he was later allowed to resign.

Whereupon, Busbin sued Georgia Power Company, and Moore and Cordova, acting within the scope of their employment, for damages in wrongfully discharging him after 12 years of loyal and faithful service and for maliciously, falsely and publicly charging him with misusing company monies and falsifying company records. Plaintiff contended the defendants Cordova and Moore procured and maliciously conspired to procure his discharge by falsely accusing him of fraud, theft and dishonesty knowing there were no grounds for such accusations and by reason of which he was wrongfully discharged by Georgia Power Company. He sought judgment in the amount of $500,000 as actual and punitive damages by reason of his wrongful discharge, the conspiracy to procure his discharge, and the slander and libel resulting therefrom. A verdict was directed as to Cordova, and he is no longer a party, having been dismissed from the case. The case proceeded to trial, and the jury returned a verdict in favor of the plaintiff in the amount of $250,000. The judgment followed the verdict, and the defendants moved for judgment notwithstanding the verdict or in the alternative for a new trial. Motion was denied, and defendants appeal in Case No. 54764. Plaintiff cross appeals in Case No. 54791. *Held:*

1. The evidence here shows that plaintiff was employed and would remain employed until he reached retirement age as long as his "work was satisfactory." Thus, in any event, whether or not the employment of plaintiff was definite or indefinite as to time, this question was for jury determination. *National Manufacture &c. Corp. v. Dekle,* 48 Ga. App. 515, 521 (3) (173 SE 408); *McClure v. Leasco Computer, Inc.,* 134 Ga. App. 871 (216 SE2d 689); *Magarahan v. Wright & Lamkin,* 83 Ga. 773, 777 (10 SE 584). A jury issue is presented where there is conflict as to what the specific terms of an oral contract are. *Venable v. Block,* 138 Ga. App. 215, 217 (225 SE2d 755); *Loughman v. Shine,* 129 Ga. App. 600 (3) (200 SE2d 326). An employee, generally, has a property right in his contract of employment (written or verbal, even if at the

will of the employer) which may not be unlawfully interfered with by another. See *Ott v. Gandy,* 66 Ga. App. 684 (1), 688 (19 SE2d 180); *Luke v. DuPree,* 158 Ga. 590, 597 (124 SE 13); *Charles v. Simmons,* 215 Ga. 794, 797 (113 SE2d 604); *Salter v. Howard,* 43 Ga. 601, 604; *Southern R. Co. v. Chambers,* 126 Ga. 404, 406 (55 SE 37); *Bromley v. Bromley,* 106 Ga. App. 606, 613 (127 SE2d 836); *King v. Schaeffer,* 115 Ga. App. 344 (1) (154 SE2d 819); affd. in *Schaeffer v. King,* 223 Ga. 468 (155 SE2d 815).

2. Mr. Cordova, Mr. Moore, Mr. Wansley and other employees, while individuals, were also agents acting within the authority of the corporate defendant, Georgia Power Company, inasmuch as corporations do nothing except through their agents. *Loudon v. Coleman,* 59 Ga. 653; *Tallman v. Southern Motor Exchange, Inc.,* 97 Ga. App. 565, 567 (103 SE2d 640).

3. The testimony disclosed that plaintiff had been employed by defendant Georgia Power Company for some 12 years, had received "several notes of commendation." Defendant Moore testified he had commended plaintiff for his work, although he testified plaintiff had good and bad performances and "had a long record of poor management." He also testified he fired him without a hearing, although he was aware of the various commendations he had received over the years. Defendant Moore then testified he discussed his decision with his superior, J. J. Cordova, division manager, although he had the right to hire and fire, but "in this case . . . with the concurrence of Divisions supervision." Meetings were held with department heads, including finally a Georgia Power Company division vice-president, a Mr. Wansley, and all concurred in the decision to discharge the plaintiff. Therefore, it was a jury issue as to whether Georgia Power Company became liable for the wrongful conduct of Moore and others, even if the verdict was directed as to Cordova. All of these agents could have conspired in, and did ratify the firing of plaintiff, although Wansley is not a defendant, and Cordova was no longer a party defendant. See Code §§ 105-1207; 105-1401; *Piedmont Cotton Mills, Inc. v. H. W. Ivey Const. Co.,* 109 Ga. App. 876 (1a), 879 (137 SE2d 528); *Archer v. Gwinnett*

*County,* 110 Ga. App. 442 (2) (138 SE2d 895); *Wrigley v. Nottingham,* 111 Ga. App. 404, 407 (141 SE2d 859); *Nottingham v. Wrigley,* 221 Ga. 386, 387 (144 SE2d 749); *Cook v. Robinson,* 216 Ga. 328, 329 (116 SE2d 742); *Huckaby v. Griffin Hosiery Mills,* 205 Ga. 88, 91 (52 SE2d 585); *National Assn. for the Advancement of Colored People v. Overstreet,* 221 Ga. 16 (1), 20-22 (142 SE2d 816); *Wiley v. Ga. Power Co.,* 134 Ga. App. 187, 191 (213 SE2d 550).

There was evidence that the acts were malicious in firing plaintiff, that he was slandered and libeled by officials telling others the reasons for his firing, and if there was any question, under all the circumstances, as to these acts, it was for jury determination. See *Montgomery v. Pacific &c. Co.,* 131 Ga. App. 712, 716 (10) (206 SE2d 631). For even if the evidence shows plaintiff could have been fired, it was a jury issue under all the facts and circumstances as to the firing whether it was the result of a conspiracy due to wrongful conduct of Moore and others as employees of Georgia Power Company, as well as the evidence of slander and libel of plaintiff which may or may not have been true. The conspiracy may be shown by circumstantial as well as by direct evidence. *Nobles v. Webb,* 197 Ga. 242, 245 (29 SE2d 158). And, proof of the conspiracy renders the act of one in defrauding the injured party the acts of all. *Wall v. Wall,* 176 Ga. 757 (1), 761 (168 SE 893). In order to direct the verdict, the trial court must in construing the evidence most favorably toward the plaintiff, from the evidence determine there was no evidence of any kind supporting plaintiff's position. *Curry v. Roberson,* 87 Ga. App. 785, 786 (75 SE2d 282); *Misfeldt v. Hospital Authority of the City of Marietta,* 101 Ga. App. 579 (115 SE2d 244); *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663). The court did not err in denying the motions for directed verdict and for judgment notwithstanding the verdict made by the defendant.

4. As stated in Division 1 and based on the evidence submitted, the trial court did not err in charging that the plaintiff's employment contract with Georgia Power Company "was not required to be in writing in order to be valid," and for the jury to decide what the terms were as to his employment contract, and that if under the terms of

employment, the employer may discharge the employee when dissatisfied with his services, the employer, "when exercising this right, must do so honestly and in good faith, and only where the services are in fact unsatisfactory to the employer. Where the discharge of the employee purports to be upon the ground that his services are not satisfactory to the employer yet they are in fact satisfactory, the discharge, notwithstanding the purported ground assigned by the employer, is not a discharge because the employee's services are unsatisfactory to the employer. Where such discharge is not otherwise justified, it is wrongful and constitutes a Breach of the Contract." See *Fried v. Portis Bros. Hat Co.,* 41 Ga. App. 30 (152 SE 151); *MacKenzie v. Minis,* 132 Ga. 323 (63 SE 900); and cases cited in Division 1 above.

5. The court did not err in charging the contents of Count 2, that plaintiff contends the defendant breached his contract of employment with it by discharging him in violation of the terms of said employment. Under Count 2 and the ruling in Division 1 above, the court did not err in charging the contention of plaintiff as to this count of his suit.

6. Under the facts and circumstances and the applicable law as shown in the rulings in Divisions 1, 2, 3 the court did not err in charging that it is unlawful for another to induce "the maker of a contract to break it, or to aid him in its breach . . . that for the maker and others to combine to unlawfully breach a contract, is a conspiracy which entitles the other party to the contract, to his action against the conspirators for any damage which he may sustain." See *Luke v. DuPree,* 158 Ga. 590, 596, supra; *Wall v. Wall,* 176 Ga. 757 (4), supra. Nor did the court err in charging the definition of a conspiracy and the elements thereof. *Wiley v. Ga. Power Co.,* 134 Ga. App. 187, 191, supra; *Davidson v. Collier,* 104 Ga. App. 546, 549 (122 SE2d 465); *Brown & Allen v. Jacobs' Pharmacy Co.,* 115 Ga. 429, 433 (41 SE 553); *Cook v. Robinson,* 216 Ga. 328 (5), supra; *Nottingham v. Wrigley,* 221 Ga. 386, 388, supra; *Mixon v. Phoenix Landscaping, Inc.,* 136 Ga. App. 344 (221 SE2d 225); *National Assn. for the Advancement of Colored People v. Overstreet,* 221 Ga. 16, 22, supra.

7. Under the circumstances of this case, the trial

court did not err in charging the substance of Code § 105-1207 that a procurer of wrong is a joint wrongdoer, and "may be sued either alone or jointly with the actor."

8. Nor did the court err in charging the substance of Code § 105-1401 as to one's rights to the enjoyment of private property and that, "[o]ne's employment, trade or calling is likewise a property right and the wrongful interference therewith is an actionable wrong." *Dale v. City Plumbing &c. Supply Co., Inc.,* 112 Ga. App. 723, 727 (146 SE2d 349).

9. The court did not err in allowing the witness-plaintiff to testify that he applied for unemployment compensation, that Mr. Moore opposed the application at his hearing; that his application was approved and he received unemployment benefits. None of this testimony involved privileged communications set forth in Code Ann. § 54-642.1 (Ga. L. 1941, pp. 532, 548; 1945, pp. 331, 332) as between the employer and employee or to the Employment Security Agency. Publication of said privileged communications in the administration of this law, "shall not be made the subject matter or basis for any suit or slander or libel in any court of the State of Georgia," but this does not allow publication of same to others so as to allow either employer or employee to broadcast and publish the letters, reports or communications of any other matters in regard to the Employment Security Agency with immunity. Compare *Brantley v. Heller,* 101 Ga. App. 16, 18 (112 SE2d 685); *Cornell v. Coastal Broadcasting, Inc.,* 105 Ga. App. 410, 412 (124 SE2d 679). Oral communications of defamatory statements contained in an employer's business records, gives rise to a cause of action for libel. *Garren v. Southland Corp.,* 237 Ga. 484, 486 (228 SE2d 870); s. c. 235 Ga. 784 (221 SE2d 571)[1] (see p. 445, post).

10. The written report of the special audit was properly allowed in evidence since it was relevant and material to the issues as to the alleged wrongful discharge of plaintiff by reason of the alleged discrepancies reported therein. However, it was not allowed to go out with the jury because the court did not think it had been published. See *LuAllen v. Home Mission Bd. of the Southern Baptist Convention,* 125 Ga. App. 456

(188 SE2d 138); *Garrett v. Lockheed Aircraft Corp.*, 98 Ga. App. 443 (106 SE2d 333); *George v. Ga. Power Co.*, 43 Ga. App. 596 (159 SE 756). But there was evidence that defendant Moore spoke specific words that were in the audit report, that he communicated the general contents of the report to others, and the contents and words of the report were made known at a staff meeting of various employees of the corporate defendant; and at least one of them reported the same to plaintiff's wife. While the document was not allowed to go out with the jury, we see no error since it was material and relevant here. See *Sheftall v. Central of Ga. R. Co.*, 123 Ga. 589 (51 SE 646); *Garren v. Southland Corp.*, 237 Ga. 484, 485 and 235 Ga. 784, 785, supra. This enumeration of error is not meritorious. It became a jury issue as to what was intended by the spoken word as well as what was understood by the various hearers. *Southland Pub. Co. v. Sewell*, 111 Ga. App. 803, 807 (143 SE2d 428); *Davis v. Macon Tel. Pub. Co.*, 93 Ga. App. 633, 636 (92 SE2d 619).[2]

11. Defendants, by brief and argument, have not followed the correlation of alleged errors in the enumeration of errors; but it is believed every enumeration of error properly argued has been considered. No reversible error has been found. Since the judgment is affirmed on the main appeal, it becomes unnecessary to consider the cross appeal of the plaintiff.

*Judgment affirmed in case No. 54764. Case No.*

---

[1-2] Note: Nothing held in the recent decision in *Gerald v. Ameron Automotive Centers*, 145 Ga. App. 200 (1, 2) involving slanderous utterances by a corporate agent, would require a different ruling here in a suit involving the wrongful discharge of an employee, conspiracy to procure his discharge and ratification thereof, as well as slander and libel resulting therefrom; inasmuch as this suit is against the corporate employer and its agents, acting within the authority of the employer and in their individual capacity. Nor did the jury return a verdict as to mere slander of the corporation but rendered its verdict for general damages against the corporate defendant and one of the defendant employees.

*54791 is dismissed. Smith, J., concurs. Bell C. J., concurs in the judgment only.*

ARGUED OCTOBER 31, 1977 — DECIDED MARCH 7, 1978 — REHEARING DENIED MARCH 30, 1978, IN CASE NO. 54764 — CERT. APPLIED FOR.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Frederick E. Link, Tillman, Brice, McTier, Coleman & Talley, Wade H. Coleman,* for appellants.

*Jack J. Helms, Brooks E. Blitch, Berrien L. Sutton,* for appellee.