56401. GOODROE v. GEORGIA POWER COMPANY.

BELL, Chief Judge.

This is an action for wrongful and malicious discharge from employment. Plaintiff alleged that he was hired as a permanent employee by defendant in 1975 as a security officer, and that in 1976 he was discharged without probable cause. Plaintiff also alleged a conspiracy between those employees of defendant responsible for procuring the discharge. Defendant answered that plaintiff's hiring was indefinite and therefore subject to being terminated at will by either

party. Plaintiff subsequently amended by alleging that defendant fired plaintiff "because he was about to uncover criminal activities being committed by the construction superintendent" at a Georgia Power plant. Thereafter, defendant moved for summary judgment with supporting affidavits, one of which contained evidence that plaintiff was discharged because of "an unauthorized offsite surveillance" of another employee and for his failure to cooperate in a Georgia Power security department investigation. Plaintiff submitted an affidavit in opposition to defendant's motion for summary judgment. In the affidavit, plaintiff stated that the official reason given to him by defendant for his termination was "failure to follow established departmental procedures and policies," but the actual reason was that he was fired as part of an effort to cover up criminal activities within the Georgia Power Company; that it was necessary to choose between covering up a crime of which he had knowledge or being fired. The trial court granted defendant's motion for summary judgment. Plaintiff appeals. *Held:*

1. We affirm. Plaintiff admits the statutory rule that an indefinite hiring may be terminated at will by either party and that his employment was subject to the statute. Code § 66-101. Nevertheless, plaintiff urges this court to find an exception to this rule since the reason for his termination was that he was about to uncover criminal activities. There is no room for this exception in Georgia as this rule is statutory and the statute, Code § 66-101, does not encompass the exception. See *West v. First National Bank,* 145 Ga. App. 808 (245 SE2d 46). Therefore, defendant was authorized to lawfully discharge plaintiff. Neither *Ga. Power Co. v. Busbin,* 145 Ga. App. 438 (244 SE2d 26) nor *Wiley v. Ga. Power Co.,* 134 Ga. App. 187 (213 SE2d 550) requires a different result.

2. Since the defendant was legally entitled to discharge plaintiff, there can be no recovery under the conspiracy count of the complaint. A "conspiracy" to effect what one has a legal right to do is not actionable. *Grace v. Roan,* 145 Ga. App. 776 (245 SE2d 17). The grant of summary judgment was proper.

*Judgment affirmed. Shulman and Birdsong, JJ.,*

*concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 25, 1978 —
REHEARING DENIED NOVEMBER 22, 1978.

*Moore & McLaughlin, James B. McLaughlin, Jr.,
McKenney & Thornton, Neal D. McKenney,* for appellant.
   *Jones, Cork, Miller & Benton, Wallace Miller, Jr.,
W.Warren Plowden, Jr., P. Benson Ham, Troutman,
Sanders, Lockerman & Ashmore, James E. Joiner,* for
appellee.