54764, 54791. GEORGIA POWER COMPANY et al. v. BUSBIN; and vice versa.

MCMURRAY, Judge.

Following the decision in *Ga. Power Co. v. Busbin,* 242 Ga. 612, our judgment in *Ga. Power Co. v. Busbin,* 145 Ga. App. 438 (244 SE2d 26) was vacated, and the judgment of the trial court is now reversed by order of this court. The motion to further review that case (no. 54764) is denied. See *Ga. Power Co. v. Busbin,* 242 Ga. 612, supra, and in particular, Division 8 thereof, which is controlling, wherein the judgment of this court is reversed.

We now deal with the cross appeal (no. 54791) by reason of the reversal. Cross appellant (plaintiff) Busbin specifically abandons enumerations of error 2, 3, 4, 8, 9, 14, 19 and 23. These enumerations will not be considered hereafter. *Held:*

1. Whether or not the discharge of plaintiff and the resulting administrative decision of the Employment Security Agency acted as an estoppel and res judicata to

relitigate these issues (see *Epps Air Service, Inc. v. Lampkin,* 229 Ga. 792, 795 (194 SE2d 437); s.c. *Epps Air Service, Inc. v. Lampkin,* 125 Ga. App. 779 (189 SE2d 127), reversed), defendant "Moore's opposition to Busbin's [plaintiff] application [for unemployment compensation] was a 'communication' within the meaning of the statute," as so declared by the Supreme Court. See Division 7 of *Ga. Power Co. v. Busbin,* 242 Ga. 612, supra.

But oral communications of defamatory statements to others is simply not allowed so as to allow "either employer or employee to broadcast and publish the letters, reports or communications of any other matters in regard to the Employment Security Agency with immunity." See *Ga. Power Co. v. Busbin,* 145 Ga. App. 438, 444 (9) (244 SE2d 26) and cits. The trial court did not err in striking the amendment to the complaint setting forth the results of the Employment Security Agency. Enumerations of error 1 and 5 are not meritorious.

2. The evidence here was conflicting as to whether or not the defendant Cordova could have discharged the plaintiff had he chosen to do so, without consulting with his supervisors. In which event he could not be liable to plaintiff for wrongful discharge regardless of his motives. See *McElroy v. Wilson,* 143 Ga. App.893, 895 (240 SE2d 155); *Rhodes v. Levitz Furniture Co.,* 136 Ga. App. 514, 518 (3) (221 SE2d 687). However, as a third person tortfeasor he could be liable to plaintiff in an action for wrongfully procuring plaintiff's discharge. See *Schaeffer v. King,* 223 Ga. 468 (155 SE2d 815); *Ga. Power Co. v. Busbin,* 242 Ga. 612 (2), supra. See also Code §§ 4-302, 4-303, 4-312, 105-108, 105-109; *Curry v. Durden,* 103 Ga. App. 371 (1) (118 SE2d 871); *Isom v. Schettino,* 129 Ga. App. 73, 74 (1) (199 SE2d 89). The trial court erred in directing a verdict against the plaintiff in favor of the defendant Cordova as there was evidence in regard to his involvement in the discharge of the plaintiff here and it is not clear that he had the absolute right to discharge the plaintiff.

3. As was stated in *Ga. Power Co. v. Busbin,* 145 Ga. App. 438, 444-445 (10), supra, it became a jury issue as to what was intended by the spoken word as well as what was understood by the various hearers with reference to

the special audit.

The charge of libel only remains against the defendant Georgia Power Company, and wrongful discharge or interference, slander and libel against the other defendants. Therefore, under the decisions in *Garren v. Southland Corp.*, 235 Ga. 784, 785 (221 SE2d 571), and *Garren v. Southland Corp.*, 237 Ga. 484 (228 SE2d 870), the trial court erred in refusing to allow the jury to consider the special audit in evidence although its actual contents had already been allowed in evidence. This special audit involved the spoken word already in evidence and the jury was entitled to consider it to determine whether or not it had been libel and slander by the defendants.

4. All of the defendants contended plaintiff had ordered parts on warranty appliances for out of warranty appliances in violation of the company policy and had unlawfully ordered such a part on the warranty of Carolyn and Joe Campbell. Plaintiff, as a witness, was authorized to explain his conduct in that he had authorization to do so from a Maytag representative. See Code § 38-302; *Stinespring v. Fields,* 139 Ga. App. 715, 719 (3) (229 SE2d 495); *White v. State,* 231 Ga. 290 (2), 292-293 (201 SE2d 436). However, on review of the transcript we do not find where the court refused to allow both a thorough examination of plaintiff as a witness as well as a thorough and sifting cross examination of this witness in regard to this issue. We find no error in the court's handling of this issue as no definite exclusion was ever declared by the court. There is no merit in this complaint.

5. On cross examination of the defendant Moore with reference to whether or not he had made statements that there had been serious misappropriation of company funds he answered that he had never made such a statement. Whereupon an attempt was made to cross examine this defendant witness (Moore) as to his answer to questions in a deposition as to a special audit and a letter written to the Employment Security Agency. As ruled above in Division 1, no issue involved in the communication by letter or otherwise with the Employment Security Agency could be allowed in

evidence. However, as to the special audit which should be allowed in evidence as held in Division 3 above, and based on testimony in regard to the contents which was already in evidence, the defendant Moore could have been subjected to a thorough and sifting cross examination as to the deposition in regard to his answers as to the special audit which should have been allowed in evidence. See Code § 38-1705; *Dilliplane v. Henderson,* 141 Ga. App. 684 (1) (234 SE2d 357); *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (1a) (52 SE2d 485); *State Housecraft, Inc. v. Jones,* 96 Ga. App. 182 (2), 186-187 (99 SE2d 701).

6. The trial court erred in failing to charge the written request of the plaintiff as to his right of privacy as set forth in *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68); and *Goodyear Tire & Rubber Co. v. Vandergriff,* 52 Ga. App. 662, 665 (184 SE 452), which hold that the right of privacy is embraced within the absolute rights of personal security and personal liberty, "to be let alone," to live a life of seclusion or to be free of unwarranted interference by the public about matters which the public is not necessarily concerned, or to be protected from any wrongful intrusion into an individual's private life which would outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. Compare *Hines v. Columbus Bank &c. Co.,* 137 Ga. App. 268 (223 SE2d 468).

7. Plaintiff enumerates error to the court's charge (defendants' written request No. 5) as to the plaintiff's employment. This issue is controlled by the Supreme Court ruling in *Ga. Power Co. v. Busbin,* 242 Ga. 612 (1) (2) (3) and (8), supra. We do not consider this enumeration of error further. Also as to the written request No. 7 as to the wrongful discharge of the plaintiff by the defendant Georgia Power Company we are likewise controlled by that decision shown above.

8. However, the evidence shows clearly without dispute that the plaintiff was discharged or his resignation was forced by the defendants since his resignation (after being discharged) was in no way voluntary. The trial court therefore erred in charging as to a voluntary resignation on the part of the plaintiff.

9. Whether there was libel and slander involved in

this case under the circumstances in which the special audit was discussed among employees (supervisory and otherwise) after plaintiff was discharged this was a question for determination by the jury. See *Sheftall v. Central of Ga. R. Co.,* 123 Ga. 589, 590 (10), 596-597 (51 SE 646). However, we do not believe the court erred in charging the substance of defendants' written request as to libel and slander. See *Southland Corp. v. Garren,* 138 Ga. App. 246, 248 (1) (225 SE2d 920); *Garren v. Southland Corp.,* 237 Ga. 484, supra; *Behre v. National Cash Register Co.,* 100 Ga. 213 (27 SE 986). Compare *LuAllen v. Home Mission Bd. of the Southern Baptist Convention,* 125 Ga. App. 456 (188 SE2d 138).

10. Having read the entire charge we do not find that the court erred in charging on the burden of proof. See *Boyd v. Boyd,* 173 Ga. 139, 144 (159 SE 674); *Richards v. Harpe,* 42 Ga. App. 123, 126 (12) (155 SE 85).

11. As to the trial court's refusal to charge certain written requests of plaintiff as to the liability of a master for or ratification of the acts of its servant, we feel the rulings in *Ga. Power Co. v. Busbin,* 242 Ga. 612, supra, in Divisions 1, 2, 3 and 4 control and the trial court did not err in refusing to give the substance of these requests, although same may have been covered in its charge. Complaint is made that this was ratification of acts of personnel in regard to the discharge of plaintiff. This is no longer in the case.

12. However, we feel that the plaintiff was unduly restricted in not being allowed to call rebuttal witnesses for the purpose of rebutting and impeaching the testimony of defendants' witnesses. These witnesses were called in rebuttal of the testimony of defendants and not necessarily known to the plaintiff at pre-trial or during discovery. A party's right to have the testimony of a material witness is unabridged. *Howard v. Echols,* 31 Ga. App. 420 (1), 421-422 (120 SE 815); *Jones v. Atkins,* 120 Ga. App. 487 (2), 491 (171 SE2d 367). The witness may not be excluded, but postponement or mistrial is the proper remedy. See *Jones v. Atkins,* supra.

13. A Mr. Mooney of the personnel department of another company where plaintiff had applied for work testified that a decision had been made not to employ

plaintiff which was based on information received in a telephone conversation from defendant Moore to a Mr. Jones, another employee of that company. The trial court did not err in refusing to allow this witness to testify as to the contents of the telephone conversation between the defendant Moore and this individual. This conversation was not shown to have become a part of that company's records of which the witness or its personnel department had knowledge. There is no merit in this complaint.

14. The trial court did not err in admitting into evidence a general order of the company dated August 20, 1948, even though plaintiff was only five years old at that time and even if it was not shown that same was in the records of the Homerville office since there was evidence that there was a record in all the offices of the company.

15. The objection to an exhibit (a merchandise sales order) offered by the defendants in evidence which had been altered by having additional writing thereon which was unexplained should have been excluded unless the defendants explained the alteration. This was not done in this case. See Code § 38-704. The trial court erred in allowing this exhibit in evidence.

*Judgments reversed in Case No. 54764 and 54791. Deen, C. J., and Shulman, J., concur.*

DECIDED FEBRUARY 22, 1979 —
REHEARING DENIED MARCH 13, 1979 IN CASE NO. 54791 —

*Troutman, Sanders Lockerman & Ashmore, Robert L. Pennington, Frederick E. Link, Tillman, Brice, McTier, Coleman & Talley, Wade H. Coleman,* for appellants.

*Jack J. Helms, Brooks E. Blitch, Berrien L. Sutton,* for appellee.