31183. COLONIAL STORES INC. *v.* BARRETT.

DECIDED MAY 16, 1946.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr.,* for plaintiff in error.

*Burress & Dillard,* contra.

BROYLES, C. J. N. J. Barrett (hereinafter referred to as Barrett) brought an action for libel against Colonial Stores Inc. (hereinafter referred to as defendant). The jury returned a verdict in favor of Barrett for $2500. Defendant made a motion for a new trial on the general grounds and 5 special grounds. Four of the special grounds, however, were elaborations of the general grounds, and the other special ground alleged that the verdict was excessive. Thereafter, Barrett wrote off $1000 from the verdict and the judgment, and defendant then abandoned the special ground alleging that the verdict was excessive. The motion for a new trial was overruled, and that judgment is assigned as error.

In the brief for defendant, it is stated that the case presents these questions: 1. Did the presentment by Barrett of the certificate of availability to his prospective employers amount to such publication thereof as would subject defendant to liability in an action for libel? 2. Was the certificate of availability as required by the regulations of the War Manpower Commission absolutely privileged or conditionally privileged? 3. If such certificate was only conditionally privileged, was there evidence of malice to support the verdict?

As to the first question, it is well settled law that "the publication of the libelous matter is essential to recovery" in an action for libel (Code, § 105-701); and the general rule is that "a libel is published as soon as it is communicated to any person other than the party libeled." Section 105-705; *McCravy* v. *Schneer's,* 47 *Ga. App.* 703 (171 S. E. 391); 33 Am. Jur. 110. The evidence in this case fails to show that defendant ever showed or communicated the certificate of availability to any one except Barrett. However, there are exceptions to the above-stated general

rule. "Printing a libel is regarded as a publication when possession of the printed matter is delivered with the expectation that it will be read by some third person, provided that such result actually follows. The rule, that there is no publication when words are communicated only to the person defamed, is subject to exception or qualification. Thus, in the case of a libel, whether the general rule extends to a disclosure by the person libeled, is to be determined by the causal relation existing between the libel and the publication. There may be a publication where the sender intends or has reason to suppose that the communication will reach third persons, which happens, or which result naturally flows from the sending. This rule is particularly applied in cases where the act of disclosure arises from necessity." 36 C. J. 1225, § 172.

The undisputed evidence shows that defendant and Barrett were covered by the regulations of the War Manpower Commission. Those regulations provide that, when an employee is discharged, he shall be given by his employer a statement of availability or a restricted statement of availability, and that, "at the time of the issuance of a restricted statement of availability, the worker should be advised that he is not eligible for new employment except upon a referral by the United States Employment Service, and he shall be directed to take the restricted statement of availability to the local office of the United States Employment Service serving the area in which the last place of employment is located." Such regulations also provide that an applicant for employment as a new employee shall not be hired by an employer unless the applicant presents to the prospective employer a statement of availability or an official referral card of the United States Employment Service. And the undisputed evidence showed that Barrett was discharged by defendant and given a certificate of separation (which is the same as a restricted statement of availability), and that he presented such certificate to several prospective employers who, after reading it, refused to employ him; and the evidence amply authorized a finding that those prospective employers would have employed him had it not been stated in the certificate that he had been discharged because of "improper conduct toward fellow employees."

It is apparent from the evidence that defendant, when it gave the certificate to Barrett, knew that it would be presented by him

to one or more other persons, to wit, Barrett's prospective employers, and that he was required by a regulation of the War Manpower Commission to so present it. Therefore, under the above-stated facts and the law applicable thereto, Barrett's presentment of said certificate to his prospective employers was a publication thereof for which defendant was liable in this action.

Was the certificate of availability absolutely privileged or conditionally privileged? A paragraph in the war manpower regulations reads: "A statement of availability issued to an individual pursuant to the person shall contain *only* the individual's name, address, social security account number, if any, the name and address of the issuing employer, or War Manpower Commission officer and office, the date of issuance, a statement as to whether or not the individual's last employment was in a critical occupation, and such other information *not prejudicial to the employee in seeking new employment* as may be authorized or required by the War Manpower Commission." (Italics ours.)

Did the statement of availability issued by defendant contain information prejudicial to Barrett in seeking new employment? The evidence shows, as before stated, that when he presented the certificate to several prospective employers they, after reading it, refused to employ him; and the evidence amply authorized a finding that such refusals were based solely upon the statement in the certificate that he had been discharged because of "improper conduct toward fellow employees." The evidence further shows that, after seeking employment for several weeks, Barrett got a job with a company at $30 a week, whereas his wages had been about $47 a week at the defendant company; and that he obtained his new employment only because he had previously worked with the foreman of his new employer when that foreman had been employed as foreman by the defendant company; and the evidence authorized a finding that said foreman did not believe the prejudicial statement in the certificate that Barrett had been guilty of improper conduct toward his fellow employees. The evidence authorized the further findings: That he had been employed by the defendant for nearly 20 years; that defendant gave honor badges to its employees for intervals of good service covering five-year periods; that Barrett had received three of such badges, and would have been entitled to a fourth one within a few months of his discharge;

that he had never before had any trouble or dispute with any of his fellow employees, but, on the contrary, was friendly to them and well liked by them and by the officers of the defendant. And the evidence as to the incident upon which his discharge was based, while in conflict, authorized a finding that a fellow employee named Abbott, while drunk, was quarreling with another employee named Beavers; that Barrett was acting as a peacemaker, and while endeavoring to settle the trouble between his fellow employees, Abbott made an unprovoked assault upon Barrett, and Barrett in self-defense struck Abbott; that this trouble occurred after work hours and not in the defendant's plant, but while Barrett and Beavers were on their way to Beavers' home in Barrett's car, and while Barrett was endeavoring to get Beavers away from Abbott; that Abbott was the aggressor in his quarrel with Beavers and the aggressor in his fight with Barrett. Under the above-stated evidence, it appears that Barrett, instead of being guilty of "improper conduct toward his fellow employees," was doing his best to protect them and to peacefully settle their quarrel.

Furthermore, the statement in the certificate that Barrett was discharged because of his improper conduct toward his fellow employees was very prejudicial to him in his efforts to obtain new employment. "Improper conduct toward his fellow employees" could be construed to mean a criminal offense, a misdemeanor or a felony, or conduct conducive to violence and bad-feeling between the defendant's employees. In our opinion, the certificate of availability, containing the false and prejudical statement of improper conduct toward his fellow employees, was not absolutely privileged, especially so, when the defendant was forbidden by a regulation of the War Manpower Commission to state anything in the certificate that would be prejudicial to the employee in seeking new employment. Assuming, but not deciding, that the certificate of availability was conditionally privileged, the evidence as to malice on the part of the defendant, while conflicting, was sufficient to authorize the jury to find that the defendant maliciously put in the above-referred-to false and prejudicial statement in the certificate of availability.

The evidence authorized the verdict and the denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*