[Civ. No. 20243. First Dist., Div. Three. Jan. 10, 1963.]

BEA CURLEY et al., Plaintiffs and Respondents, v. LIND VICK et al., Defendants and Appellants.

John M. Brethauer, Brethauer, Crvarich & Kelly, Philip H. Angell, Jr., Robert M. Adams, Jr., and Angell, Adams, Gochnauer, Elder & Holmes for Defendants and Appellants.

Graves, MacLeod & Gifford and Jack Gifford for Plaintiffs and Respondents.

DRAPER, P. J.—The question here is whether the findings support or contradict the joint and several judgment entered against all defendants for publication, as well as republication, of an assertedly libelous letter. Judgment was for $5,000 for each of the two plaintiffs, each such award including "special and general damage." All defendants appeal.

Vick, Dickson and Parks and their wives, all joined as defendants, owned an apartment house in Oakland. They employed as manager a Mrs. Wright, who is not a defendant. On October 1, 1959, plaintiff Curley, who had been discharged the day before by defendant Overseas National Airways from employment as a stewardess, and plaintiff Ward, still so employed, moved into an apartment in this building. On November 15, Miss Young, chief stewardess of the defendant

airline (not herself joined as a defendant) moved into another apartment in the same building. It is undisputed that the manager told Miss Young that she was having trouble with plaintiffs as tenants. The next day the manager gave plaintiffs notice that they must vacate the apartment within 30 days. On November 23, the manager handed to Miss Young the letter here complained of. It stated in general terms that plaintiffs had been ''having very noisy parties with plenty of drinking going on that last until all hours,'' and that one night ''they were throwing drinking glasses from the top floor to the patio.'' There is sharp conflict as to the truth of these charges. The court found only that ''the allegations charging misconduct and improprieties as applied to plaintiffs are false.'' It also found that Miss Young ''solicited'' the letter. The evidence supports this finding, although there is conflict as to whether Miss Young asked for the letter for use in possible litigation by plaintiffs, or merely replied to the manager's request for protection during the 30-day period of the eviction notice by stating that she could do nothing on a mere oral complaint. A copy of the letter thereafter was posted on the bulletin board of the airline. That company asserts that the names of plaintiffs and of the apartment manager were deleted before posting. But there is testimony, although strongly impeached, that no such deletion was made, and the court so found.

The complaint states two separate causes of action, one for the original publication by delivery of the letter to Miss Young as agent of the airline, and one for the republication by posting on the bulletin board. The trial court, however, made no such distinction, and entered a joint and several judgment against all defendants, admittedly holding all jointly for both publication and republication.

The confusion resulting from this lack of distinction is compounded, as to defendant apartment house owners, by the specific finding that they ''did not authorize the re-publication by defendant, . . . (airline), nor directly or proximately cause it to be republished.'' Lacking some element of proximate cause, the owner defendants cannot be liable for the republication. The court apparently recognized this problem in some degree, for the memorandum on denial of new trial states that Mrs. Wright acted as the agent of defendant owners when she delivered the letter, and that ''it was at that time reasonably foreseeable'' that the letter would be republished by defendant airline. Although the findings were

amended in other respects, however, there was no modification of the finding that defendant owners did not proximately cause the republication.

Plaintiffs rely upon the rule that the original publisher is liable for a republication if it "was a result which [he] might have reasonably foreseen as likely to occur" (*Siemon* v. *Finkle*, 190 Cal. 611, 617 [213 P. 954]). This argument overlooks the basic problem. ■ Foreseeability is a principal element of proximate cause, as Siemon recognizes in the sentence immediately following that relied upon by plaintiffs. ■ The general rule that "the author of defamatory statements is not liable for a publication thereof where he neither authorized nor intended such publication to be made" (*Draper* v. *Hellman Coml. Trust & Sav. Bank*, 203 Cal. 26, 39 [263 P. 240]) is, of course, qualified when such republication is reasonably foreseeable. ■ The specific finding that proximate cause did not exist, however, negates foreseeability and destroys any basis upon which the owners may be held liable for republication. The evidence is in conflict as to foreseeability of republication. The utmost direct evidence is that the manager was given to believe that the letter was desired by the airline for use in litigation with one or both plaintiffs. ■ But republication in a court proceeding would be absolutely privileged. There is perhaps room for inference that some sort of republication was foreseeable, but in the face of the adverse finding, we cannot assume that this inference was drawn. Thus the judgment against defendant owners is not sustained by the findings.

■ Reversal of the judgment against the owners requires reversal of that against defendant airline also. The failure, at trial and in the findings, to distinguish between publication and republication results in a judgment which cannot reasonably be separated on appeal, and requires retrial as to all defendants. The several assertions of error by the airline are largely based on this intertwining of the issues. We find some of these assignments, as well as other assertions of error by defendant owners, to be meritorious. It is unnecessary to discuss these issues, however, since they are unlikely to recur on retrial.

Appeals from order denying new trial dismissed. Judgment reversed, and case remanded for new trial. Appellants to recover costs on appeal.

Salsman, J., and Devine, J., concurred.