[Civ. No. 45118. First Dist., Div. Three. Oct. 1, 1980.]

CRAIG B. McKINNEY, Plaintiff and Appellant, v.
COUNTY OF SANTA CLARA et al., Defendants and Respondents.

788

COUNSEL

Craig G. McKinney, in pro per., Lewis Phon and Matthew J. McAlerney for Plaintiff and Appellant.

Selby Brown, Jr., County Counsel, Steven Woodside and Ann Miller Ravel, Deputy County Counsel, For Defendants and Respondents.

OPINION

**SCOTT, J.**—This appeal is from a judgment entered after respondents' motion to dismiss the complaint was granted in the second of two ac-

tions filed by appellant, Craig B. McKinney, against respondents. The litigation arises out of the termination of appellant's employment as a probationary deputy sheriff by respondent County of Santa Clara on June 18, 1976.

Appellant filed two actions against the County of Santa Clara. The first action (Santa Clara Co. case No. 366348) was filed on December 29, 1976. The complaint alleged three causes of action against respondents: libel, slander, and wrongful dismissal. On February 16, 1978, respondents generally demurred to appellant's complaint on the ground that it failed to state a cause of action in that it failed to allege that a notice of claim had been presented to respondents in accordance with the provisions of the Government Tort Claims Act. (See Gov. Code, §§ 905, 911.2, 945.4, 950.2.) After hearing the motion was granted without leave to amend and judgment was entered on March 13, 1978. No appeal was taken by appellant.

On April 10, 1978, appellant filed the second action, which is the subject of this appeal (Santa Clara Co. case No. 397998). The complaint filed in this action is substantially identical to the one filed in the first action, except that it alleges appellant submitted a written claim for damages to the county board of supervisors on November 15, 1977, in compliance with the Tort Claims Act, and that the alleged defamatory statements which are the basis of the libel and slander causes of action were republished to a third person on or about June 1977 and November 3, 1977. Respondents answered the complaint on May 12, 1978, denying only the allegations regarding the alleged republications of the defamatory statements. As a first affirmative defense respondents asserted the doctrine of res judicata.

On May 23, 1978, respondents filed a motion to dismiss the complaint. The motion was made on grounds that the judgment in the first action was a bar to the prosecution of the second action, and that the new allegations with respect to the republications were without merit. At the hearing on respondents' motion to dismiss, the court questioned appellant, appearing in propria persona, regarding the basis of his allegations of republication. Appellant responded that he himself had republished the alleged defamatory statements by divulging their substance to police departments at which he applied for a job as a police officer. He explained that the alleged defamatory statements were made by respondents in reviewing his job performance and formed the basis for his dismissal. He asserted that the republication by himself was not

voluntary but, rather, required of him as a practical matter by the police agencies at which he applied for a new job.

Respondents' motion to dismiss was granted on June 2, 1978. The court ruled that the judgment entered in the first action between the parties barred the prosecution of all of appellant's claims in his second action except for the action for libel based upon the republications of June 1977 and November 3, 1977, and the action for slander based upon the republications of those same dates. The court further ruled that those actions were without merit in light of appellant's admission that he himself had republished the defamatory statements. The court granted the motion to dismiss and judgment was entered thereon. This appeal followed.

Appellant makes three contentions on appeal: that the first action does not bar the prosecution of the second action; a cause of action for defamation may be predicated upon a foreseeable republication of the defamatory statements by the person defamed; and the trial court failed to consider his third cause of action for wrongful dismissal before dismissing his entire complaint and thereby depriving him of due process of law.

Before taking up appellant's arguments, it is necessary to clarify the standard which the superior court should have applied in ruling upon respondents' motion to dismiss. Respondents brought a motion to dismiss in the superior court and filed supporting declarations. ■ Such motions, so-called "speaking motions," have been superseded by the procedures governing motions for summary judgment contained in Code of Civil Procedure section 437c. (*Vesely* v. *Sager* (1971) 5 Cal.3d 153, 167-169 [95 Cal.Rptr. 623, 486 P.2d 151]; *Pianka* v. *State of California* (1956) 46 Cal.2d 208, 211-212 [293 P.2d 458].) A speaking motion to dismiss is treated as a motion for summary judgment in order to preserve the safeguards provided by section 437c.

The rules governing summary judgment are well established. ■ "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures

of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion." (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]; *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 20 [112 Cal.Rptr. 786, 520 P.2d 10]; *McCreery* v. *Eli Lilly & Co.* (1978) 87 Cal.App.3d 77, 81-82 [150 Cal.Rptr. 730].) ▪ In addition to affidavits and declarations filed in support of or in opposition to the motion, the court may also consider facts which are properly the subject of judicial notice, and a party can rely upon his adversary's pleadings to establish facts which are not contained in his affidavits. (*Parker* v. *Twentieth Century-Fox Film Corp.* (1970) 3 Cal.3d 176, 181 [89 Cal. Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615].)

▪ Appellant's contention that the judgment in the first action does not bar the prosecution of all the claims in his second action, except for the causes of action for slander and libel based upon the republications of June 1977 and November 3, 1977, is without merit. ▪ The doctrine of res judicata precludes parties and their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. To operate as a bar a judgment must be final, on the same claim or cause of action, between the same parties, and must be an adjudication on the merits. (*Shore* v. *Shore* (1954) 43 Cal.2d 677 [272 P.2d 4]; *Olwell* v. *Hopkins* (1946) 28 Cal.2d 147 [168 P.2d 972].) ▪ Appellant contends that the judgment entered in the first action, after a general demurrer was sustained on the ground that the complaint failed to state a cause of action in that it failed to allege the presentment of a notice of claim, was not an adjudication on the merits. He argues that the defects in the first complaint were merely formal and technical, and therefore the judgment does not bar the subsequent action. (See *Goddard* v. *Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 51-52 [92 P.2d 804].) ▪ This argument ignores the principle that a judgment on a general demurrer will have the effect of a bar in a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer or, notwithstanding differences in the facts alleged, when the ground on which the demurrer in the former action was sustained is equally applicable to the second one. (*Keidatz* v. *Albany* (1952) 39 Cal.2d 826, 828 [249 P.2d 264]; *In re Cole's Check Service, Inc.* (1963) 215 Cal.App.2d 332 [30 Cal.Rptr. 306].)

■ In the instant case, the ground on which the demurrer was sustained in the former action is equally applicable to this action. Though the complaint in this action differs from that in the former action in that it alleges that a notice of claim was presented to the county board of supervisors on November 15, 1977, the defect in the complaint filed in the former action was not cured. Government Code section 911.2 provides that a notice of claim relating to a cause of action for death or injury to the person must be presented within 100 days of the accrual of the cause of action. The notice of claim is alleged to have been presented over one year after the claims to which the trial court applied the doctrine of res judicata accrued. With respect to these claims, appellant is barred from prosecuting them under the doctrine of res judicata.

Appellant argues for the first time, on appeal, that his third cause of action for wrongful dismissal is not subject to the notice of claim provisions of the Government Code because those provisions apply only to actions for money or damages. Appellant's argument is perplexing since neither the complaint filed in the former action nor the complaint filed in this action prays for any relief other than monetary damages. Whether the claim provisions apply, however, is irrelevant at this point since, in any case, the cause of action for wrongful dismissal would be barred by the doctrine of res judicata. ■ For the purposes of that doctrine, an erroneous judgment is as conclusive as a correct one. (*Weil v. Barthel* (1955) 45 Cal.2d 835, 839 [291 P.2d 30]; *Chappelle v. City of Concord* (1956) 144 Cal.App.2d 822 [301 P.2d 968].)

■ Appellant's second contention, that liability for defamation may be predicated upon the alleged foreseeable republications of the defamatory statements by appellant of June 1977 and November 3, 1977, raises a question of first impression in this state. Appellant argues that, having given allegedly false reasons to appellant for his dismissal, it must have been foreseeable to respondents that appellant would be under a strong compulsion to republish the statements to prospective employers upon their inquiry. Appellant concludes that respondents should be held liable for the foreseeable consequences of their wrongful act. ■ In support of this argument, appellant cites *DiGiorgio Corp. v. Valley Labor Citizen* (1968) 260 Cal.App.2d 268 [67 Cal.Rptr. 82], and *Curley v. Vick* (1963) 211 Cal.App.2d 670 [27 Cal.Rptr. 501], which stand for the principle that "ordinarily the originator of the defamatory matter is also liable for each such repetition if he could reasonably have foreseen the repetition." (*DiGiorgio*, at p. 273.)

In opposition to this argument, respondents cite the general rule that where the person defamed voluntarily discloses the contents of a libelous communication to others, the originator of the libel is not responsible for the resulting damage. (*Shoemaker* v. *Friedberg* (1947) 80 Cal.App.2d 911 [183 P.2d 318].) Respondents argue that appellant should not be allowed to complain of injuries caused by his own act of making the defamatory material public.

Though California has never addressed this question, it has been addressed by several other jurisdictions. Those jurisdictions which have considered it have developed a well recognized exception to the general rule respondents refer to. They have held the originator of the defamatory statement liable for damages caused by the disclosure of the contents of the defamatory statement by the person defamed where such disclosure is the natural and probable consequence of the originator's actions.

This exception has been applied in two different contexts. The first is where the originator of the defamatory statement has reason to believe a letter addressed and sent to the defamed containing a libel will fall into the hands of a third party *before* the defamed reads it or is informed of its contents. (See, e.g., *Bander* v. *Metropolitan Life Ins. Co.* (1943) 313 Mass. 337 [47 N.E.2d 595]; *Rumney* v. *Worthley* (1904) 186 Mass. 144 [71 N.E. 316]; *Wilcox* v. *Moon* (1892) 64 Vt. 450 [24 A. 244].)

The second context where this exception has been applied is where the originator of the defamatory statement has reason to believe that the person defamed will be under a strong compulsion to disclose the contents of the defamatory statement to a third person *after* he has read it or been informed of its contents. (See, e.g., *Grist* v. *Upjohn Company* (1969) 16 Mich.App. 452 [168 N.W.2d 389]; *Bretz* v. *Mayer* (1963) 1 Ohio Misc. 59 [203 N.E.2d 665]; *Colonial Stores* v. *Barrett* (1946) 73 Ga.App. 839 [38 S.E.2d 306]; *Davis* v. *Askin's Retail Stores* (1937) 211 N.C. 551 [191 S.E. 33]; *Stevens* v. *Haering's Grocetorium* (1923) 125 Wash. 404 [216 P. 870]; *Hedgpeth* v. *Coleman* (1922) 183 N.C. 309 [111 S.E. 517].)

Two of the cases which have applied this exception in the latter context involved factual situations analogous to the one alleged in this case. In *Colonial Stores* v. *Barrett, supra,* 73 Ga.App. 839 [38 S.E.2d 306], a discharged employee sued his former employer for libel. The parties

were covered by the War Manpower Regulations. Those regulations provided that when an employee is discharged he shall be given either a statement of availability or a restricted statement of availability. The regulations further stated that the former employee shall not be hired by an employer covered by the regulations unless he presents a statement of availability or an official referral from the United States Employment Service. The plaintiff was discharged by the defendant employer and given a restricted statement of availability. When the plaintiff showed this restricted statement of availability to prospective employers, they refused to hire him. He sued for defamation. The former employer argued that he never published the defamatory statement but had merely given it to the plaintiff who had voluntarily disclosed it to prospective employers. The Court of Appeals of Georgia held for the plaintiff. It reasoned that the original printing of the libel was deemed a publication of the libel when the printed matter was delivered to the plaintiff with the expectation that it would be read by third parties, and such result followed.

The Court of Appeals of Michigan reached a similar result in *Grist* v. *Upjohn Company* (1969) 16 Mich.App. 452 [168 N.W.2d 389], in which a discharged employee brought an action for slander and wrongful interference against her former employer. The plaintiff, like appellant here, alleged that the defendent had given her false and defamatory reasons for her discharge and that these statements were necessarily and forseeably repeated by her to prospective employers upon their questioning her regarding her past employment. The defendant claimed the trial court erred in instructing the jury that they could find a publication by defendant even though the slanderous statements were made only to plaintiff. The court of appeals affirmed the trial court. It held that "[w]here the conditions are such that the utterer of defamatory matter intends or has reason to suppose that in the ordinary course of events the matter will come to the knowledge of some third person, a publicaton may be effected." (168 N.W.2d at p. 406.)

The reasoning of these cases is compelling. The rationale for making the originator of a defamatory statement liable for its foreseeable republication is the strong causal link between the actions of the originator and the damage caused by the republication. This causal link is no less strong where the foreseeable republication is made by the person defamed operating under a strong compulsion to republish the defamatory statement and the circumstances which create the strong

compulsion are known to the originator of the defamatory statement at the time he communicates it to the person defamed.

■ Accordingly, appellant's causes of action for libel and slander based upon the alleged republications of June 1977 and November 3, 1977, are not without merit and should not have been dismissed. Appellant's oral admission, relied upon and accepted as true by the superior court for the purposes of ruling upon the motion, indicates that respondents communicated the alleged defamatory statements to appellant under circumstances which placed appellant under a strong compulsion to disclose the contents of the alleged defamatory statements to third parties; it was reasonably foreseeable by respondents that appellant would disclose the alleged defamatory statements to third parties; and appellant actually made such disclosures. This is sufficient to create a triable issue.

Respondents correctly point out that appellant in his complaint did not allege that the republications of June 1977 and November 3, 1977, were foreseeable. ■ Appellant should be allowed to amend his complaint to correct this deficiency. "[O]n a motion for summary judgment, considerable liberality should be used by the trial court in allowing amendments which do not completely and entirely depart from the general area of the cause set up in the pleadings." (*Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 128 [109 Cal.Rptr. 724].)

■ Appellant's third contention, that he was deprived of due process when the superior court dismissed his third cause of action for wrongful dismissal, is without merit. Appellant bases this contention on the claims that the third cause of action was not the subject of a noticed hearing in either this action or in the former action and that, in neither action, did the superior court give consideration to appellant's third cause of action.

The record discloses, however, that respondents moved in the superior court to dismiss appellant's entire complaint. Appellant agreed to allow this motion to dismiss to be heard. It is true that the hearing on the motion centered upon appellant's argument with respect to the republications of June 1977 and November 3, 1977, but appellant was present at the hearing and had ample opportunity to raise issues with respect to the third cause of action, and failed to do so.

Appellant's arguments with respect to the correctness of the judgment entered in the former action are not relevant to this appeal. Appellant had an opportunity to appeal the judgment entered in the former action, but failed to do so.

That portion of the judgment dismissing all of appellant's claims, except for the causes of action for libel and slander based upon the republications of June 1977 and November 3, 1977, is affirmed. That portion of the judgment dismissing appellant's causes of action for libel and slander based upon the alleged republications of June 1977 and November 3, 1977, is reversed. Appellant to recover his costs.

White, P. J., and Feinberg, J., concurred.

A petition for a rehearing was denied October 30, 1980, and the petitions of all parties for a hearing by the Supreme Court were denied December 10, 1980.