106 F.3d 412
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Xi LIN, Plaintiff-Appellant,
v.
CIRCUIT CITY, INC.; William Hogarth, Defendants-Appellees.
 No. 95-56031.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Dec. 27, 1996.
 
 Before: HUG, Chief Judge, PREGERSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank Lin appeals the grant of summary judgment on his claims that he had an implied-in-fact employment contract that he would only be terminated for good cause, that he was discriminated against based on his national origin--Chinese--in violation of the California Fair Employment and Housing Act (FEHA), and that Circuit City is liable for slander under the theory of compelled self-publication. We affirm in part and reverse in part.
 
 
 3
 A grant of summary judgment is reviewed de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi, 84 F.3d at 1197.
 
 I.
 
 4
 Employment in California is presumed to be at-will if the parties do not have an express oral or written agreement to the contrary. Cal.Labor Code § 2922. This presumption may be overcome if there is evidence that the parties agreed the employer's power to terminate the employee would be limited in some way, such as requiring "good cause" before terminating the employee. Foley v. Interactive Data Corp., 765 P.2d 373, 385 (Cal.1988). Whether such an implied-in-fact contract exists is a question of fact to be determined by examining the totality of the circumstances. Walker v. Blue Cross of California, 4 Cal.App.4th 985, 993, 6 Cal.Rptr.2d 184, 189 (1992). The factors to consider in determining if there is an implied-in-fact contract include: " ' the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.' " Foley, 765 P.2d at 387 (quoting Pugh v. See's Candies Inc., 116 Cal.App.3d 311, 327 (1981). Lin has presented enough evidence to create a genuine issue of material fact that there was an implied-in-fact employment contract, thus summary judgment was not proper.
 
 
 5
 Lin presented evidence on the first Foley factor that suggests Circuit City's "policies and practices" were only to terminate employees for good cause. The deposition testimony of Circuit City employees and management shows that no one has ever been terminated except for good cause. Circuit City also has a policy that before an employee with five years experience can be terminated, the termination must be approved by a vice-president or the general manager, while termination of an employee with ten years experience must be approved by an executive committee member.
 
 
 6
 Lin additionally contends that the employee handbook, taken as a whole, establishes a policy that employees will only be terminated for cause. Circuit City counters that the employee handbook explicitly states that employment is at-will, and that this policy trumps all of Mr. Lin's claims for an implied contract. However, language in an employee handbook that the employment relationship is at-will does not, as a matter of law, establish that the relationship is in fact at-will. Walker v. Blue Cross, 4 Cal.App.4th at 993. Rather, the employee handbook is a factor to be considered by the jury in deciding if an employment contract existed. Wilkerson v. Wells Fargo Bank, National Association, 212 Cal.App.3d 1217, 1227 (1989).
 
 
 7
 Turning to the second Foley factor, we note that Lin was employed for nine years and ten months, over three years longer than the successful plaintiff in Foley. In Foley, the plaintiff had been employed for six years and nine months and the court held that was "sufficient time for conduct to occur on which a trier of fact could find the existence of an implied contract." Foley, 765 P.2d at 388. While length of service by itself is not enough to establish a genuine issue of material fact, Mr. Lin has presented enough evidence regarding the other Foley factors to preclude summary judgment.
 
 
 8
 Lin also presented evidence on the third Foley factor, that the actions and assurances of his employer gave him a reasonable belief that he would only be terminated for cause. In 1984, Circuit City's president told Mr. Lin that if he had any problems to let him know and "I will protect your job security." In 1991, a Circuit City manager told Mr. Lin "[W]e would not fire you. We would close our business first." Later, the same manager was promoted and told all the repair technicians that everyone that performed their job well would have a secure future." Even though Lin admits he was never explicitly told that he would only be terminated for good cause, the trier of fact could determine that these statements, if made, gave Lin an expectation that he would only be terminated for cause.[1]
 
 
 9
 Turning to the fourth Foley factor, Lin presented no evidence showing that the practice in the industry was to terminate for good cause. This, however, is not fatal to his opposition to summary judgment. Because Foley creates a totality of the circumstances test, and because Lin has presented sufficient evidence on the other Foley factors, we hold that Lin has established a genuine issue of material fact regarding the existence of an implied-in-fact contract that he would be terminated only for good cause, thus summary judgment on this claim was not appropriate.
 
 II.
 
 10
 Because the district court determined that an implied-in-fact contract did not exist, it did not decide whether Circuit City had good cause to terminate Lin. If we were to find that there was no genuine issue of material fact that Circuit City had good cause to terminate Lin, we would affirm the grant of summary judgment on this ground. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994). However, we find that a genuine issue of material fact does exist, thus summary judgment is inappropriate.
 
 
 11
 We note that there is a conflict among the California Courts of Appeal on the issue of whether "good cause" requires an objective finding that good cause existed or if the employer's subjective good faith belief that there was good cause is sufficient. In Wilkerson, the Court of Appeal stated that good cause to terminate an employee is based on whether good cause actually existed as opposed to whether the employer had a reasonable good faith belief that there was good cause. Wilkerson, 212 Cal.App.3d at 1230 ("an employer's broad latitude [to terminate an employee] does not extend to being factually incorrect."). However, in Cotran v. Rollins Hudig Hall Int'l, Inc., 57 Cal.Rptr.2d 129 (1996), the Court of Appeal took the view that Wilkerson was wrongly decided and concluded that the trier of fact must decide if good cause existed by examining several factors, one of them being the employer's good faith belief, or lack thereof, that good cause existed. Cotran, 57 Cal.Rptr.2d at 137-39. We need not predict which standard the California Supreme Court would choose because under either standard, Lin has presented enough evidence to create a question of material fact that good cause did not exist.
 
 
 12
 Under Wilkerson, if an employee is discharged for misconduct and the employee denies the allegation, that is sufficient to create a question of material fact. Wilkerson, 212 Cal.App.3d at 1230. Lin denied the allegations that he falsified repair documents and has thus created a jury question on the issue of good cause. Under Cotran, the trier of fact must consider four distinct factors, plus a catchall fifth category--"such other circumstances as may be appropriate in any given case." Cotran, 57 Cal.Rptr.2d at 139.[2] This is necessarily a jury question because it essentially requires a weighing of competing factors and weighing the evidence is not appropriate at summary judgment.
 
 III.
 
 13
 The district court properly granted summary judgment on Lin's claim that he was terminated because of his race, in violation of California's FEHA, which prohibits the discharge of a person from his employment because of race, color, national origin or ancestry. Cal.Govt.Code § 12940. To set forth a prima facie case of discriminatory discharge, the plaintiff must prove the following elements: (1) that he is a member of a protected class; (2) that his job performance was satisfactory; (3) that he was discharged; and (4) that others not in the protected class were retained in similar jobs, and/or his job was filled by an individual of similar qualifications but who was not a member of the protected class. Mixon v. Fair Employment & Housing Comm., 192 Cal.App.3d 1306, 1318 (1987).
 
 
 14
 Lin makes broad, sweeping allegations of discrimination, yet he fails to present any specific evidence that he was replaced by a member of a non-protected class or that others not in the protected class were retained in similar jobs despite committing the same violations. When asked at oral argument to point to specific evidence to support these claims, Lin's attorney was unable to direct us to any point in the record to back up these assertions.[3]
 
 IV.
 
 15
 Finally, the district court properly granted summary judgment on Lin's claim for slander under the theory of "compelled self-publication." Normally, when the defamed person voluntarily repeats a libelous communication to others, the originator of the defamatory statement is not liable for any ensuing damage. Shoemaker v. Friedberg, 80 Cal.App.2d 911, 916 (1947). However, there is an exception to this rule "where the originator of the defamatory statement has reason to believe that the person defamed will be under a strong compulsion to disclose the contents of the defamatory statement to a third person." McKinney v. County of Santa Clara, 110 Cal.App.3d 787, 796 (1980). A "strong compulsion" may exist when a job seeker must tell a prospective employer the reasons he was terminated in order to explain away a negative job reference from his former employer. Live Oak Publishing Co. v. Cohagan, 234 Cal.App.3d 1277, 1287, 286 Cal.Rptr. 198 (1991).
 
 
 16
 Because Lin has failed to show that Circuit City ever gave him a negative job reference, or that he had reason to believe they would do so, his claim must fail. In one job application, Lin stated that he left Circuit City for "personal reasons," thus he admittedly did not always feel such a strong compulsion to disclose the reason he was fired. Lin also acknowledged that Circuit City's only statement on the matter to potential employers was that he left for personal reasons, thus he had no reason to believe that Circuit City had given him a negative job reference. Lin has not demonstrated that a strong compulsion to publish the allegedly defamatory statements existed, therefore the summary judgment on this claim was proper.
 
 CONCLUSION
 
 17
 Because we find that a genuine issue of material fact exists as to whether there was an implied employment contract to terminate only for good cause, we reverse the district court's grant of summary judgment on this claim. However, because Lin failed to identify a question of material fact on either his claim for discrimination or for compelled self publication, summary judgment was appropriate on those claims.
 
 
 18
 AFFIRMED in Part and REVERSED in Part. Each party to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court determined that even if these statements were true, they were inadmissible hearsay under Fed.R.Evid. 802, and thus could not be used to survive summary judgment. Dist.Ct.Opinion at 10. The district court was mistaken. The statements of Circuit City's president and service manager are vicarious admissions by a party opponent under Fed.R.Evid. 801(d)(2)(D) and are by definition not hearsay and should be considered
 
 
 [2]
 "[T]he trier of fact must take into account (1) the employee's position, (2) the reason given to the employee for his or her termination, (3) the information the employer knew or should have known at the time the employee was terminated (which would require an evaluation of the investigation conducted by the employer), (4) the employer's apparent good faith or lack thereof, and (5) such other circumstances as may be appropriate in any given case." Id
 
 
 [3]
 For example, Lin claimed that Hal McKoon, Circuit City's Service manager, said that every Asian technician was salt audited. This is not supported by the record. McKoon specifically stated that he did not know whether four Asians were salt audited
 Lin also claims that McKoon admitted that the only technicians to be fired for failing salt audits were Chinese. Again, this misrepresents McKoon's testimony. McKoon stated that no one had been terminated as a result of failing a salt audit.
 Lin also alleged that Circuit City's records show that discipline was not evenly applied among racial and national origin lines. The record simply does not reflect this.