[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has moved to strike the Fourth Count of the Complaint for failure to state a cause of action on which relief can be granted. The Fourth Count alleges that the defendant's conduct in terminating the employment of the plaintiff has compelled the plaintiff to defame himself.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp. ,203 Conn. 34, 36, 522 A.2d 1235 (1987). CT Page 552
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennisonv. Klotz, 12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader.Norwich v. Silverberg, 200 Conn. 367, 370, 511 A.2d 336 (1986).
Neither the Supreme Court nor the Appellate Court of this state has recognized a cause of action for self-defamation. In some of the few states in which higher courts have recognized such a cause of action, the legislature has intervened to eliminate or restrict the cause of action. See Churchey v. Adolph Coors,759 P.2d 1336, 1347 (Colo. 1988) and Colo. Rev. Stat. Ann. § 13-25-125.5 (West Supp. 1996); Lewis v. Equitable Life AssuranceSociety, 398 N.W.2d 876, 888 (Minn. 1986) and Minn. Stat. Ann. §181.933 (West 1994).
"In order to be defamatory a false statement must be communicated to some one other than the plaintiff. Generally, there is no publication where the defendant communicates the slanderous statement directly to the plaintiff who then communicates it to a third party." Spain v. Blue Cross BlueShield of Connecticut, 2 CSCR 424 (March 9, 1987, Flanagan, J.). Some Connecticut lower courts have recognized a narrow exception to this rule known as the doctrine of "self publication". See e.g., Gaudio v. Griffin Health Services, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 035730 (December 19, 1991, Sequino, J.); Lusky v. Ashford, 4 CSCR 573
(June 28, 1989, Mack, J.). In Spain v. Blue Cross Blue Shield ofConnecticut, the court found that under this exception the requirement of publication is satisfied where the plaintiff is compelled to publish a slanderous statement to a third party if it was reasonably foreseeable to the defendant that the plaintiff would be compelled to do so.
In this case there is no need to determine whether or not to recognize a cause of action for self publication, because the plaintiff has failed to allege facts sufficient to state a cause of action even under Spain. The Complaint is devoid of any alleged defamatory statements made by the defendant in connection with the termination of the plaintiff's employment. Rather, it merely alleges that the defendant terminated the plaintiff's CT Page 553 employment while he was absent from work due to a work-related injury in violation of Connecticut General Statutes § 31-290 and "As a result of the defendant's actions, plaintiff has been compelled and will continue to be compelled to defame himself every time he seeks alternative employment in an effort to mitigate his damages." Complaint, Fourth Count ¶ 9. What is the alleged defamatory statement that the plaintiff will be compelled to communicate to future employers? That he was fired wrongfully?
The plaintiff apparently seeks to expand the cause of action for self-defamation to any case where employment is terminated, even where the employer has not defamed the employee in any way in connection with the termination. No court in Connecticut or anywhere else in the country has recognized such a cause of action.
The courts which have recognized self-defamation, have all required that the employer communicate a defamatory statement to the employee in connection with the termination. See Curchey v.Adolph Coors Co., 759 P.2d 1336 (Colo. 1988); McKinney v. Countyof Sanata Clara, 110 Cal.App.3d 787, 796, 168 Cal Rptr. 89
(1980); Lewis v. Equitable Life Assurance Society, 389 N.W.2d 876
(Minn. 1986).
For the reasons set forth above, the Motion to Strike the Fourth Count is granted.
By the court,
Aurigemma, J.