[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE COMPLAINT
CT Page 4443
The Plaintiff, Suzanne C. Neville, brought this action in three counts against the Defendant, Collaborative Laboratory Services, L.L.C. (CLS). The action arises out of the Plaintiff's termination of employment by the Defendant on or about July 1, 1999. The complaint alleges that the Plaintiff had been employed by Saint Francis Hospital in Hartford, Connecticut. The complaint further alleges that on September 4, 1998, "the functions and responsibilities of the laboratory in Saint Francis Hospital which was the area of [the Plaintiff's] responsibility was transferred to [the Defendant]," and that the Defendant thereby became "successor to St. Francis for all employee rights and obligations." (Complaint, ¶ 4.)
The complaint has three counts. The First Count alleges a breach of contract by wrongful termination. The Second Count alleges a claim of self-defamation. The Third Count alleges a claim of emotional distress.[1] The Defendant moves to strike all counts of the complaint on the ground that none of the counts state a claim upon which relief can be granted.
A motion to strike is the proper vehicle to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any prayer for relief therein. Practice Book § 10-39. A motion to strike admits all well pleaded allegations and those facts necessarily implied therefrom. SeeWestport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,496, 605 A.2d 862 (1992). If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. See Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). Only the grounds specified in the motion may be considered. See Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). Mere conclusions of law, absent supporting factual allegations, are insufficient. SeeCavallo v. Derby Savings Bank, 188 Conn. 281, 285-86, CT Page 4444449 A.2d 986 (1982).
 FIRST COUNT
According to the Plaintiff, the First Count alleges a breach of contract by reason of a wrongful termination.[2] "Under established principles of contract law, `an agreement must be definite and certain as to its terms and requirements.'" SuffieldDev. Associates Ltd. Partnership v. Society for Savings, 243 Conn. 832,843, 708 A.2d 1361 (1998), quoting Presidential Capital Corp.v. Reale, 231 Conn. 500, 506, 652 A.2d 489 (1994).
No express contract is alleged or claimed. At best, there could only be a contract implied in fact. Like an express contract, a contract implied in fact depends upon the actual agreement of the parties. See Coelho v. Posi-Seal International, Inc., 208 Conn. 106,111-12, 544 A.2d 170 (1988).
The complaint is devoid of any factual allegations concerning the formation, existence or terms of any contract, express or implied. In support of her position on the existence of a contract, the Plaintiff apparently relies solely[3] on the statement in Turosyan v. Boehringer Ingelheim Pharmaceuticals,Inc., 234 Conn. 1, 662 A.2d 89 (1995), that "all employer-employee relationships not governed by express contracts involve some type of implied `contract' of employment." Id., 13. This is only a partial reading of Torosyan. Torosyan clearly notes that as a general rule such implied "contracts" do not limit the terminability of the employee's employment, but are terminable at will. See id., 14.
There are no allegations in this action indicating that the Plaintiff was anything other than an employee at will. Therefore, the plaintiff was terminable at will. Although an employee at will may have a common law cause of action in tort for wrongful discharge if he or she "can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy"; Sheets v. Teddy's FrostedFoods, Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980) (Emphasis in CT Page 4445 original); no such allegation has here been made. Therefore, such an employee as the Plaintiff "cannot sustain a cause of action in contract for breach of an implied covenant of good faith and fair dealing based solely upon a discharge without just cause." Morrisv. Hartford Courant Co., 200 Conn. 676, 679 n. 2, 513 A.2d 66, citing Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572,479 A.2d 781 (1984). The motion to strike is hereby granted as to the First Count.
 SECOND COUNT
Paragraph 11 of the Second Count alleges that "[a]s a result of the wrongful actions of the defendant, CLS, plaintiff has been forced to defame herself in any efforts to seek employment in her chosen professional field." The Second Count purports to allege a cause of action known as self-defamation.
"`Ordinarily the defendant is not liable for any publication made to others by the plaintiff himself, even though it was to be expected that he might publish it.'" Layne v. Builders SupplyCo., 210 Ill. App.3d 966, 569 N.E.2d 1104, 1111 (Ill.App. 2 Dist. 1991), quoting W. Prosser, Torts (4th ed. 1971) § 113, p. 771. Layne affirmed the dismissal of a complaint containing a count alleging a claim of self-defamation.
Some courts recognize an exception to the foregoing rule where it is reasonable to anticipate that the defamed party will be compelled to disclose the content of the defamatory statement to a third party. See, e.g., McKinney v. County of Santa Clara,110 Cal.App.3d 787, 796, 168 Cal.Rptr. 89, 93-94 (1980); FirstState Bank of Corpus Christi v. Ake, 606 S.W.2d 696, 701
(Tex.Civ.App. 1980). Layne v. Builders Supply Co., supra, 569 N.E.2d 1104, in refusing to recognize the doctrine of self-defamation, expresses the contrary view. As stated in Layne, supra,569 N.E.2d 1111: "In our opinion, the doctrine of compelled self-defamation unduly burdens the free communication of views and unreasonably broadens the scope of defamation liability."
There are no Connecticut decisions on the appellate level on CT Page 4446 whether a common law tort of self-defamation is recognized in this state. Superior Court rulings are divided. Some recognize this tort in the narrow situation where the plaintiff was compelled to publish the defamatory statement to a third party and it was reasonably foreseeable to the defendant that the plaintiff would be compelled to do so. See, e.g., Spain v.BlueCross BlueShield of Connecticut, 2 C.S.C.R. 424 (March 9, 1987, Flanagan, J.). Others have refused to recognize this tort, at least under the facts of the particular case. See, e.g.,Grynkiewicz v. Freight Liner of Hartford, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 497586 (January 12, 2000, Aurigemma, J.).
In the case here at issue, the court need not determine whether the doctrine of self-defamation is recognized in Connecticut. The second count is devoid of any allegation of a defamatory statement or the content thereof made by or on behalf of the Defendant in the termination process or otherwise. The Second Count merely incorporates the allegations of the First Count (see Complaint, First and Second Counts, ¶¶ 1-10), the First Count having been herein stricken for failure to state a claim upon which relief can be granted.
Assuming arguendo that the Second Count may be construed to allege a claim for breach of contract or wrongful termination, there can be no cause of action for self-defamation where there has been no defamation in connection with the termination.Grynkiewicz v. Freight Liner of Hartford, supra, Superior Court, Docket No. 497586. The motion to strike is hereby granted as to the Second Count.
 THIRD COUNT
The Plaintiff concedes that the Third Count, alleging a claim of emotional distress, may be stricken.
 SUMMARY
The motion to strike is granted as to all counts of the complaint. CT Page 4447
David L. Fineberg Superior Court Judge