Filed 8/29/13  Reinhardt v. Reinhardt CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVE REINHARDT,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>MARIEL REINHARDT, as Trustee, etc.,<br><br>  Defendant and Respondent. | F064936<br><br>(Super. Ct. No. 11CEPR01088)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Robert H. Oliver, Judge.

Dave Reinhardt, in pro. per., for Plaintiff and Appellant.

Georgeson, Belardinelli and Noyes, C. Russell Georgeson and Chris Noyes for Defendant and Respondent.

-ooOoo-

Appellant, Dave Reinhardt, challenges the probate court's denial of various petitions he filed against respondent, Mariel Reinhardt.  These petitions all pertain to appellant's claim that respondent "altered or falsified" a trust instrument to change the names of the beneficiaries and thereby wrongfully deprived appellant of his inheritance.

The probate court denied these petitions on several grounds, including that they were barred by res judicata.

Appellant acknowledges that the identical issue was decided against him in a prior proceeding. Nevertheless, appellant argues that res judicata does not apply. According to appellant, because the judgment in the prior proceeding followed the sustaining of a demurrer to his complaint without leave to amend, there was not a final judgment on the merits.

Contrary to appellant's position, a judgment on a demurrer is a bar to a new action in which the same facts are alleged. Therefore, the probate court's orders are affirmed. Appellant is precluded from continuing to litigate this claim.

## BACKGROUND

In June and July 2011, appellant filed multiple pleadings in the civil division of the superior court. These pleadings all concerned appellant's allegation that several parties, including respondent, engaged in wrongful conduct by altering and falsifying the dispositive provisions of the Maxwell Family Trust (Trust). Appellant alleged that respondent altered the Trust to make herself the beneficiary and thereby stole appellant's inheritance. Respondent was the successor trustee of the Trust.

The trustors of the Trust were appellant's grandparents. Respondent is the trustors' daughter and appellant's mother. According to appellant, the Trust originally provided that, following the trustors' deaths, appellant and his sister would receive the Trust estate. In the copy of the Trust attached to one of appellant's underlying petitions, appellant is named as a contingent beneficiary.

The surviving trustor, appellant's grandfather, died in 1987. In April 2003, appellant learned that respondent was the sole beneficiary of the Trust. Thereafter, appellant made threatening calls to William Coleman, the attorney probating his grandfather's estate, and to respondent and her husband, appellant's father, demanding his trust fund. In September 2003, the situation escalated. Appellant barricaded himself

2.

in his parents' house and exchanged gunfire with law enforcement. Appellant was found guilty of four counts of assault and was sentenced to 52 years in prison. (*People v. Reinhardt* (May 10, 2007, F049324) [nonpub. opn.].)

At a hearing held on September 21, 2011, the trial court and appellant discussed the multiple actions appellant had filed in June and July 2011. Appellant explained that, when 40 days had passed without hearing from the court after filing an action, he would file another one. Appellant further explained that he wanted to get into probate court but did not have access to the correct forms. When the court asked appellant what he was trying to do, appellant replied that "My trust fund and my inheritance has been stolen. I'm trying to get it back." Appellant stated that his "adopted parents" "had their attorneys falsify the documents." Appellant agreed with the court that it really was one case. With the parties' consent, the trial court consolidated the various matters.

On October 12, 2011, the trial court sustained respondent's demurrers to appellant's petitions and complaints in the consolidated action without leave to amend. Appellant had alleged causes of action against respondent for negligence, intentional tort, breach of contract and fraud. The trial court found that appellant had failed to state facts sufficient to state any cause of action against respondent. The court also denied appellant's discovery motions and "motion to compel performance of the trustee to give trust funds to the beneficiaries."

On October 14, 2011, the trial court dismissed the consolidated action as to respondent.

On November 29, 2011, and December 1, 2011, the trial court denied several additional motions filed by appellant in the consolidated action, including a motion to transfer the action to the probate court. The trial court found that, although the causes of action centered on a trust, they were civil in nature. The court concluded that it had "subject matter jurisdiction over the case at bar even if there were some incidental Probate matters contained therein." The court also sustained the demurrers filed by

another defendant, William Coleman, without leave to amend. The court found that appellant failed to state facts sufficient to constitute a cause of action against Coleman and that each cause of action alleged was time barred.

Appellant did not file an appeal from the judgment of dismissal in favor of respondent. Accordingly, that judgment of dismissal became final.

Between October 26, 2011, and January 11, 2012, appellant filed numerous petitions and other documents in the probate court. In one petition, appellant requested an order requiring respondent to produce the "original and unfalsified" Trust. Appellant again alleged that the copy of the Trust on file was altered to conceal the "theft and embezzlement of [appellant's] Trust Fund and his inheritance." Appellant also petitioned for enforcement of the Trust and to settle the Trust account. Appellant additionally filed various motions including a motion to compel respondent, as the trustee of the Trust, to bring a civil action; a motion to compel respondent to redress the breach of trust and compensate appellant for his losses; a motion to compel the production of Trust documents; and a motion for authentication of documents. Appellant filed discovery requests addressed to respondent as well. All of these documents were based on facts identical to those alleged in the dismissed consolidated action.

At a hearing held on February 7, 2012, the probate court denied the petitions, motions and other requests. The court based its ruling on res judicata and collateral estoppel and on the merits of each filed document.

Due to no fault on appellant's part, appellant was not available by telephone for the hearing on February 7. Accordingly, the court held a second hearing on March 15. Appellant appeared by telephone and argued his case. Taking into consideration the various petitions and appellant's oral statements, the court ratified its February 7 ruling and denied appellant's petitions and motions.

## DISCUSSION

The probate court's decision to deny appellant's petitions and motions on grounds of res judicata and collateral estoppel presents a question of law. Accordingly, we review that decision de novo. (*Noble v. Draper* (2008) 160 Cal.App.4th 1, 10.)

Res judicata, or claim preclusion, describes the preclusive effect of a final judgment on the merits. It prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896 (*Mycogen Corp*).) "Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'" (*Ibid.*) While similar in concept, i.e., collateral estoppel is one aspect of the concept of res judicata, the two terms nevertheless have distinct meanings. (*Id.* at pp. 896-897, fn 7.) Whereas res judicata bars relitigation of identical *claims or causes of action*, the collateral estoppel aspect precludes a party from disputing *issues* decided against him in prior litigation even when those issues bear on different claims raised in a later case. (*Roos v. Red* (2005) 130 Cal.App.4th 870, 879 (*Roos*).)

Under the res judicata doctrine, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a later lawsuit. Similarly, a judgment for the defendant serves as a bar to further litigation of the same cause of action. (*Mycogen Corp., supra,* 28 Cal.4th at pp. 896-897.) This doctrine promotes judicial economy. All claims based on the same cause of action must be decided in a single suit. If not brought initially, those claims may not be raised at a later date. (*Id.* at p. 897.) Thus, res judicata minimizes repetitive litigation, prevents inconsistent judgments and protects against vexatious litigation. (*Roos, supra,* 130 Cal.App.4th at p. 887.)

Res judicata applies when three elements are satisfied: (1) the issues or causes of action decided in the prior action are identical with those presented in the later action; (2) there was a final judgment on the merits in the prior action; and (3) the party against

5.

whom res judicata is raised was a party, or was in privity with a party, to the prior action. (*Consumer Advocacy Group, Inc. v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 685-686.)

To define a cause of action, California follows the primary right theory. This theory provides that a cause of action is comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting a breach of that duty. (*Mycogen Corp., supra,* 28 Cal.4th at p. 904.) A primary right is indivisible and thus the violation of a single primary right gives rise to but a single cause of action. (*Ibid.*) The primary right is simply the plaintiff's right to be free from a particular injury suffered. (*Ibid.*) It must be distinguished from the *legal theory* upon which liability for recovery is premised and from the *remedy* sought. (*Ibid.*)

Here, in the civil action and the probate action appellant is asserting the same primary right. Both actions are premised on appellant's claim that respondent altered and falsified the dispositive provisions of the Trust and thereby stole appellant's inheritance. Accordingly, the causes of action are identical. They are based on identical factual allegations. (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511-512.) Further, there was a final judgment on the merits in the civil action. Respondent's demurrer to appellant's action was sustained without leave to amend and appellant did not appeal this judgment. Finally, appellant was the plaintiff in both actions. Accordingly, the probate action is barred by res judicata.

Appellant argues that his probate action is not barred because there was not a final judgment on the merits in the civil action. According to appellant, a judgment following the sustaining of a demurrer is not on the merits.

However, contrary to appellant's position, a judgment on a general demurrer will bar a new action in which the complaint states the same facts that were held not to constitute a cause of action in the prior action. (*McKinney v. County of Santa Clara* (1980) 110 Cal.App.3d 787, 794.) The fact that the judgment resulted from the

6.

sustaining of a general demurrer does not preclude application of the res judicata doctrine. (*Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1427-1428.)

Both of appellant's actions rely on the same factual allegations. Thus, the claims in the probate action are finally disposed of by the judgment in the civil action.

## DISPOSITION

The orders are affirmed. No costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)


_____
Franson, J.

WE CONCUR:


_____
Cornell, Acting P.J.


_____
Gomes, J.

7.