**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE L. PICKERING, | No. 16-16068 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00937-LJO-DLB |
| v. | |
| A. ENENMOH, Chief Medical Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and STATON,** District Judge.

Wayne L. Pickering appeals the district court's grant of judgment on the

pleadings on the basis of res judicata. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

Pickering argues that the general demurrer entered by the state court was not on the merits, and thus his federal action was not barred by res judicata or, in the alternative, that an exception to res judicata applies. We review "dismissal on res judicata grounds de novo." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005).

Federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *see also* 28 U.S. C. § 1738. Therefore, "California law . . . determine[s] the preclusive effect of the state court judgment entered." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). Claim presentation requirements under the California Government Claims Act ("GCA") are "elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action." *State v. Superior Court of Kings Cty. (Bodde)*, 90 P.3d 116, 120 (Cal. 2004) (quoting *Williams v. Horvath*, 548 P.2d 1125, 1128 (Cal. 1976)); *see also* Cal. Gov't Code §§ 945.4, 946.6,  950.6. The claim presentation requirement is a "state substantive limitation couched in procedural language," *Bodde*, 90 P.3d at 120 (original alterations omitted) (quoting *Williams*, 548 P.2d at 1130), and not a "formal [or] technical" requirement, *McKinney v. County of Santa Clara*, 168 Cal. Rptr. 89, 92

2

(Cal. Ct. App. 1980). Indeed, the *McKinney* Court held that "[w]hether the claim provisions apply [to another claim] . . . [was] irrelevant at [that] point since, in any case, the cause of action . . . would be barred by the doctrine of res judicata." *Id.* at 93. Accordingly, the state court's general demurrer for failure to present the claim bars the instant action under res judicata. Because we conclude failure to present under the GCA is preclusive, we do not reach Pickering's arguments regarding the effect of res judicata on the state court decisions on the statute of limitations or private right of action.

Neither the public interest nor the injustice exceptions apply to relieve Pickering of the res judicata effect of the GCA judgment. The instant case does not rise to the level necessary to invoke the public interest exception. *Arcadia Unified Sch. Dist. v. State Dep't of Educ.*, 825 P.2d 438, 441 (Cal 1992) (in bank). "[T]he [injustice] doctrine [is] of doubtful validity" in California, *Slater v. Blackwood*, 543 P.2d 593, 595 (Cal. 1975) (in bank), and even it were valid, this is not one of the "rare instances" for its application, *Greenfield v. Mather*, 194 P.2d 1, 8 (Cal. 1948).

**AFFIRMED.**